Argued at Pendleton October 31, 1922, affirmed January 2, 1923.

# STATE v. BEESON.

### (211 Pac. 907.)

**Criminal Law—Judicial Notice That Whisky is Intoxicating.**

1. Courts will take judicial notice that whisky, whether lawfully or unlawfully manufactured, is an intoxicating liquor.

**Criminal Law—Witness, Testifying He Knows Whisky When He Drinks It, may Testify That Bottle from Which He Drank Contains Whisky.**

2. A witness who testifies that he is accustomed to drinking intoxicating liquor and knows whisky when he drinks it may testify that a bottle from which he drank contains whisky.

**Criminal Law—Admission of Testimony as to Defendant's Soberness at Time of Sale of Whisky not Prejudicial to Him.**

3. In a prosecution for selling intoxicating liquor, testimony that defendant seemed sober at the time of the sale was not prejudicial to him, whether material or not.

**Criminal Law—Testimony That Prosecuting Witness Plied Companion With Whisky Day After Alleged Sale by Defendant Properly Excluded.**

4. In a prosecution for selling intoxicating liquor, testimony that prosecuting witness, who testified that an exhibit offered was the whisky purchased from defendant, plied the witness with whisky on the day following the alleged sale, was properly excluded, as not a part of the same transaction, where defendant made no offer to prove that such liquor was that claimed to have been purchased.

**Criminal Law—Estoppel to Prosecute by Procurement of and Consent to Commission of Crime not Considered on Appeal, in Absence of Motion to Discharge Defendant or Instruct Jury to Acquit.**

5. Whether the state was precluded from prosecuting one selling intoxicating liquor to a deputy sheriff alleged to have induced defendant to sell him the whisky, for which he paid with money provided by the state for such purpose, on the theory that it thereby procured and consented to the sale, cannot be considered on appeal, where no motion to discharge defendant or instruct the jury to acquit was presented to the trial court.

**Criminal Law—State not Precluded from Prosecuting One Selling Intoxicating Liquor to Deputy Sheriff, Who Merely Asked if He Knew Where He Could Get Some Whisky.**

6. The state *held* not precluded from prosecuting one selling intoxicating liquor to a deputy sheriff, alleged to have induced him

---

1. Judicial notice of intoxicating character of whisky and beer, see notes in Ann. Cas. 1914C, 874; 20 L. R. A. 648; 48 L. R. A. (N. S.) 303.

to sell him the whisky, for which he paid with money provided by the state for such purpose, on the theory that it thereby procured and consented to the sale, where such officer merely asked defendant if he knew where he could get a bottle of whisky.

**Criminal Law—That Unlawful Sale of Liquor was Induced for Sole Purpose of Prosecuting Seller No Excuse.**

7.  One unlawfully selling liquor is not excused because the sale was induced for the sole purpose of prosecuting him.

From Gilliam: D. R. PARKER, Judge.

In Banc.

'AFFIRMED.

For appellant there was a brief over the names of *Mr. D. N. Mackay* and *Mr. Homer D. Angell.*

For respondent there was a brief and oral argument by *Mr. T. A. Weinke,* District Attorney.

RAND, J.—The defendant was convicted of the crime of selling intoxicating liquor and has appealed from the sentence imposed upon him. In his brief the defendant sets forth five assignments of error and these will be considered in the order appearing in the bill of exceptions.

It appears from the testimony that L. K. Thompson and A. G. Davis were employed on March 30, 1922, by the district attorney and the sheriff of Gilliam County, Oregon, to procure evidence against persons engaged in the violation of the prohibition law within that county, for which they were to be paid their expenses and compensation at the rate of $5 per day.

Thompson, who was called as a witness for the state, testified that he met the defendant on March 31st in the Rink Hall at Condon, Oregon, and asked him if he knew where he, the witness, could get a

7.  Entrapment to commit crime with view to prosecution therefor, see notes in 17 Ann. Cas. 295; Ann. Cas. 1916C, 730; Ann. Cas. 1917D, 954; 18 A. L. R. 146 and 162.

bottle of whisky or something to drink, to which inquiry the defendant replied, "Yes, I will be back in a few minutes; I will go and get it," and that the defendant then left the hall and returned about five minutes later with a pint bottle of moonshine whisky and delivered it to the witness, who paid the defendant $3.50 for the whisky. The witness further testified that he drank one drink from the contents of the bottle and then sealed the bottle and delivered it to the sheriff. The bottle of whisky was produced on the trial, identified and offered in evidence. He also testified that he had been accustomed to drinking whisky for years. His testimony was corroborated by that of Davis, who claimed to have seen the delivery of the whisky by the defendant to Thompson and the delivery by Thompson of something to the defendant, but as it was dark at the time he could not tell what it was that Thompson gave in exchange therefor.

This testimony was further corroborated by that of Herbert Welshons, a deputy sheriff, who testified that he was present at the Rink Hall on the evening of March 31st and heard Thompson ask the defendant if he knew where Thompson could get some whisky or something to drink, and that he heard the defendant reply, "Yes, I can get you some and will be back in a few minutes," and saw the defendant then leave the hall.

Two of defendant's assignments of error are based upon exceptions to the overruling of defendant's objections to two questions propounded by the district attorney to the witness Thompson and Thompson's answers thereto, as follows: Q. "Do you know intoxicating liquor from the taste and smell thereof?" A. "Yes, sir." Q. "Could you tell from the taste

of the stuff in this bottle whether it was intoxicating liquor?" A. "Yes, sir, I know it is moonshine whisky." The objection urged to the first question was that it was incompetent, irrelevant and immaterial in that it would be impossible for anyone from tasting or smelling the contents of the bottle to state whether or not it was intoxicating liquor. Defendant's objection to the second question was that it was incompetent.

1. It was necessary for the state to prove that the article sold by the defendant was intoxicating liquor. It is within the knowledge of all persons of ordinary intelligence, and courts will take judicial notice of the fact, that whisky, whether lawfully or unlawfully manufactured, is an intoxicating liquor: *State* v. *Carmody,* 50 Or. 1 (91 Pac. 446, 1081, 12 L. R. A. (N. S.) 828) ; *State* v. *Edwards, ante,* p. 59 (211 Pac. 1079), decided by this court on December 12, 1922, and authorities cited.

2. A witness who testifies that he is accustomed to drinking intoxicating liquor and knows whisky when he drinks it, is competent to testify that the contents of a bottle from which he has drunk is whisky. Thompson, after testifying as above stated, was a competent witness to prove that the article purchased from the defendant was whisky, and therefore the court did not err in admitting this testimony.

3. The third assignment of error is based upon the overruling of defendant's objection as immaterial to the following questions and answers of the witness, Herbert Welshons. Q. "Did you notice the condition of Mr. Beeson as to sobriety or not?" (Referring to the time of the alleged sale of the whisky.) A. "I did." Q. "What did it seem to be?" A. "He seemed to be perfectly sober." Whether this

testimony was material or not, it could not, by any possibility, be prejudicial to the defendant.

4. Kenneth Stevens, a witness on behalf of the defendant, testified that he went to Mayville with Thompson and Davis on April 1st, the day following the alleged sale. Defendants' counsel then attempted to prove what occurred on that trip and in response to an inquiry by the court stated that the purpose of this testimony was to show that Stevens was plied with whisky by Thompson and Davis and that this might have been the liquor which Thompson claimed to have purchased from the defendant, and in that event, this testimony would dispute Thompson's statement that the exhibit offered was the whisky so claimed to have been purchased from the defendant. As the defendant made no offer to prove that the liquor claimed to have been drunk on this trip was the identical whisky claimed to have been purchased by Thompson from the defendant, it follows that whatever may have occurred on that trip was not a part of the same transaction, and therefore it was not error for the court to refuse to permit the defendant to show what, if anything, did actually occur.

5, 6. Defendant's principal contention is that because Thompson had been appointed by the sheriff of Gilliam County as a deputy sheriff, and was an officer and an agent of the state and had induced the defendant to sell him the whisky in question and had paid for it with money provided by the state for that purpose, the state had itself procured and consented to the commission of the crime charged and therefore should be precluded from prosecuting the defendant. In support of this contention defendant cites: *Scott* v. *State,* 70 Tex. Crim. 57 (153 S. W. 871); *Smith* v. *State,* 61 Tex. Crim. 328 (135 S. W.

154); *United States* v. *Healy,* 202 Fed. 349. This question is raised here for the first time upon this appeal. No motion to discharge the defendant or to instruct the jury to acquit was presented to the trial court for its decision. If the defendant desired a decision upon this question he should have presented it to the trial court. However, the facts disclosed by the testimony in the case at bar do not bring the case within the rule followed in the cases cited.

7. Nor do we have a case similar to that presented in *Butts* v. *United States,* 273 Fed. 35 (18 A. L. R. 143), nor in the kindred cases collated by the editors of the American Law Reports in their annotation to 18 A. L. R., commencing at page 146, where it was in effect held that the prosecution of a criminal action ought not to be permitted against a defendant who was innocent of any intention to commit a crime and who would not have committed it at all if he had not been entrapped or inveigled into its commission by an officer of the law in whose mind the criminal intent originated and who solicited and induced the commission of the crime in order to arrest and prosecute the defendant therefor. This case presents an entirely different state of facts than that presented by the above cases, and we think comes fairly within the rule stated, and is supported by the cases cited in said annotations at page 162, as follows: "The great weight of authority supports the view that a person making an unlawful sale of liquor is not excused from criminality by the fact that the sale is induced for the sole purpose of prosecuting the seller."

The judgment of conviction is therefore affirmed.

AFFIRMED.