Argued October 28, 1969, affirmed January 8, 1970

STATE OF OREGON, *Respondent, v.*
JEFFREY MICHAEL FOLSOM,
*Appellant.*
463 P. 2d 381

*Lawrence B. Rew,* Pendleton, argued the cause for appellant. On the brief were Corey, Byler & Rew, Pendleton.

*Raoul P. Smith,* District Attorney, Pendleton, argued the cause and filed the brief for respondent.

FOLEY, J.

Defendant was found guilty by a jury of selling a narcotic drug, marihuana. He appeals from the judgment of conviction.

■ The defendant demurred to the indictment on the ground that the designation of marihuana as a narcotic drug by the Oregon legislature is unconstitutional. In the recent case of *State v. Leppanen,* 252

Or 352, 449 P2d 447 (1969), the Oregon Supreme Court ruled adversely to defendant's contention.

Defendant moved to suppress evidence on the ground of entrapment and for a pretrial hearing on this issue. The trial court denied the motions on the basis that entrapment is a defense to be raised by defendant and determined at the trial on the merits. Defendant argues that the procedure followed is unfair to him. He points out the hazard of using the defense of entrapment before a jury—that if he does so he must generally admit the crime itself. Also, use of the defense opens up the collateral issue of defendant's propensity to commit the crime. For these reasons defendant elected not to assert entrapment at the trial. The state points out that the effect of following the procedure defendant requests would permit the defendant to admit the crime in the pretrial entrapment hearing before the judge, and, if unable to establish entrapment there, to deny having committed the offense before the jury. The United States Supreme Court has held that a motion to suppress is not the proper procedure for raising and deciding entrapment in a criminal case since entrapment is a defense. *Osborn v. United States,* 385 US 323, 87 S Ct 429, 87 S Ct 439, 17 L Ed 2d 394 (1966), reh den 386 US 938 (1967); *Lopez v. United States,* 373 US 427, 83 S Ct 1381, 10 L Ed 2d 462 (1963); *Masciale v. United States,* 356 US 386, 78 S Ct 827, 2 L Ed 2d 859 (1958); *Sherman v. United States,* 356 US 369, 78 S Ct 819, 2 L Ed 2d 848 (1958); and *Sorrells v. United States,* 287 US 435, 53 S Ct 210, 77 L Ed 413 (1932).

■ We adhere to the procedure, urged by the state, that evidence of entrapment be presented in the trial

before the jury. If the facts are sufficiently clear to show entrapment as a matter of law, the court can terminate the case. If the facts are conflicting the court can submit the issue to the jury.

After the jury was empaneled, defendant moved the court "to remove high school class students" from the courtroom, and for a mistrial on the ground that presence of the young people was prejudicial to defendant. The court denied the motions and defendant assigns this as error.

■ There is no suggestion that the high school students were anything but a part of the public in attendance at the trial. Proper control of courtroom decorum is the responsibility of the trial court, and this court will not interfere therewith except for an abuse of discretion. No breach of decorum is claimed and there was no abuse of discretion.

■ At the trial defendant claimed he was not the seller of the marihuana, but acted only as the agent of the purchaser, who was the state's undercover agent. In cross-examination of this agent defendant's counsel asked questions designed to support this claim. Objection on hearsay grounds was interposed by the state and sustained by the court, and defendant assigns this as error.

When the court sustained the objection defendant's counsel did not pursue the matter further, but moved to another subject. No offer of proof was made and the transcript does not disclose what the answers to the questions would have been. The assignment is without merit.

■■ The trial court determined as a matter of law that the police agent witness was not an accomplice. Defendant asserts as his final assignment that the

court should have submitted this question to the jury. An accomplice is one who could be indicted and punished under the same statute which is being employed against the defendant. *State v. Barnett,* 249 Or 226, 228, 437 P2d 821 (1968); *State of Oregon v. McCowan,* 203 Or 551, 280 P2d 976 (1955). The evidence was uncontradicted that the witness at the time in question was an agent of the police, investigating narcotics law violations. As such, he is immune from prosecution under those laws, ORS 475.150(3), and thus not an accomplice.

None of the assignments of error have merit and the judgment is affirmed.