Argued July 23, reversed and remanded September 10, 1970

STATE OF OREGON, *Respondent, v.* TIMOTHY
LEE MOLATORE and MICHAEL MOLATORE,
*Appellants.*

474 P2d 7

*Frederick T. Smith*, Portland, argued the cause for
appellants. With him on the briefs were Dusenbery,
Martin, Beatty, Bischoff & Templeton, Portland.

*Thomas H. Denney*, Assistant Attorney General,
Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Defendants Michael and Timothy Molatore were indicted, tried jointly, and convicted of the crime of selling a narcotic drug. ORS 474.020. This appeal raises essentially one claim of error, relating to asserted misconduct of the prosecutor while questioning the defendant Michael and arguing the case to the jury. The court refused to give a curative instruction or grant a mistrial or a new trial.

As a witness, Michael had admitted possessing the narcotic. During the prosecutor's cross-examination, the following occurred:

"Q [By Mr. Sanderson, the prosecutor.] You are a pretty bright boy, aren't you, Michael, above average intelligence, are you not, Mike?

"A I believe I am as intelligent as the next person.

"Q Don't you know that possession and sale of marijuana are described in the same statute in Oregon?

"MR. SMITH: [Defense counsel.] Objection. It is irrelevant.

"MR. SANDERSON: I can connect this up, your Honor.

"MR. SMITH: It is irrelevant.

"THE COURT: It is irrelevant. Objection sustained.

"Q BY MR. SANDERSON: You do know, don't you, Michael, that by pleading possession, if you are acquitted on this charge you could raise jeopardy if someone turned around and charged you with possession tomorrow?

"MR. SMITH: Objection, your Honor.

"THE COURT: Objection sustained.

"Q BY MR. SANDERSON: Do you know of any fear, Michael, if acquitted on this charge today that you could not be charged with possession based on your admission?

"MR. SMITH: Objection. It is irrelevant.

"THE COURT: I have already sustained an objection to that."

During the prosecutor's closing argument to the jury, he said:

"* * * Do you really think if Michael Molatore was acquitted here today and recharged on possession based on his confession here on the stand that he wouldn't stand up and scream double jeopardy like he had just been stepped on; that he was a squashed cat or something? He would, so in that sense he is giving you nothing. Ask yourselves this, by admitting possession, if he can thereby talk you out of convicting him, what has he really given up? When admitting possession, it costs him nothing, so don't assume that this is a real admission against his interest because it is not an admission which can in any way hurt him later on."

At that point defendants' counsel objected, because the court had sustained the objections to questions about double jeopardy. Thereafter, out of the jury's presence, the following occurred:

"THE COURT: I think that you better refrain from going into the matter any further. How much longer is your argument going to be?

"MR. SANDERSON: I can terminate it in a relatively short time. I would ask that the Court not strike it because I am sure that the Court knows that it is accurate.

"THE COURT: I am not going to strike anything. I am going to say—

"MR. SMITH: Would the Court grant a motion to strike that argument?

"THE COURT: No.

"MR. SMITH: Even after the Court's ruling?

"THE COURT: No.

"MR. SMITH: At this time, the defendants would move for a mistrial.

"THE COURT: The Motion will be denied. Bring the jury in."

The questions objected to and the argument were irrelevant. They also were highly prejudicial to defendants, because they propounded an erroneous conception of the law. They were never stricken and the jury was never told to disregard them.

■■ The statute under which defendants were indicted provides that it is unlawful for any person, among other things, to possess or sell any narcotic. Each of these prohibited acts is a crime. Art I, § 12 of the Oregon Constitution provides that no person shall be put in jeopardy twice for the same offense. Proof of selling requires proof of different facts than proof of possession. Therefore, acquittal of a charge for selling is not the basis for a plea of double jeopardy on a charge of possessing. Inasmuch as the offenses are different, although they may be involved in the same general transaction, the contention of the prosecutor and his arguments to the jury were incorrect and

planted an erroneous conception which prejudiced defendants. See *State v. Carlton*, 233 Or 296, 298-99, 378 P2d 557 (1963), and *Albrecht v. United States*, 273 US 1, 47 S Ct 250, 71 L Ed 505 (1927), where the court said:

> "* * * One may * * * possess without selling; and one may sell and cause to be delivered a thing of which he has never had possession; or one may have possession and later sell * * *. The fact that the person sells * * * [that] which he possessed does not render the possession and the sale necessarily a single offence * * *." 273 US at 11.

See also *State v. Winslow*, 3 Or App 140, 472 P2d 852 (1970).

The state contends that the defense of collateral estoppel, discussed in *State v. George*, 253 Or 458, 455 P2d 609 (1969), would be successful if defendants were charged with possession, and, hence, the prosecutor's argument was correct. A reading of *George* demonstrates its inapplicability here.

The repeated questions of the prosecutor after the court had sustained the objections as it did, and the prosecutor's argument to the jury, quoted above, were premised upon an incorrect view of the law and they were highly unfair as a trial tactic. The court refused to correct the prosecutor. The jury necessarily was left with a believable impression that the prosecutor's argument was correct. The fact the court had sustained objections to the questions on which the argument was based was of little benefit to defendants, because the prosecutor asked essentially the same question three times without reprimand, and then argued the matter. The argument was not stricken nor was the jury told to disregard it.

In *State v. Woolard,* 3 Or App 291, 472 P2d 837 (1970) *modified,* 92 Adv Sh 789, — Or —, 484 P2d 314 (1971), we held that there is discretion in the trial court to grant or deny a motion for mistrial. But where the defendant is prejudiced, as here, the motion for mistrial and the motion for a new trial, in turn, should have been granted. Our discussion in *State v. Amory,* 1 Or App 496, 464 P2d 714 (1970), is appropriate to this case.

Our decision on this point makes it unnecessary to consider the effect of continuing to urge an irrelevant matter after objection is sustained, when the proposition urged is correct, though irrelevant.

Reversed and remanded for a new trial.