Argued May 19, affirmed June 10, petition for rehearing denied July 13, petition for review denied September 28, 1971

## STATE OF OREGON, *Respondent, v.*
## GRANVILLE GENE HARP, JR., *Appellant.*
485 P2d :1123

*Paul D. Clayton,* Eugene, argued the cause for appellant. With him on the briefs were Luvaas, Cobb, Richards & Fraser, Eugene.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from conviction of possession of marihuana. ORS 474.020. He had previously been tried for sale of the same marihuana and the trial judge in that case, on his own motion, dismissed at the end of the state's case, holding there had been entrapment.

Alleged errors in this case are (1) collateral

estoppel should have been applied; (2) acquittal should have been granted on ground of entrapment; (3) the defendant's requested instruction on entrapment should have been given; (4) the court should have received in evidence the record of the finding of entrapment in the previous case.

Evidence was that the defendant, aged 18, was arrested after he had sold marihuana to an undercover officer. The officer had been introduced to defendant by a friend of defendant as a person who might sell the officer marihuana. At that time, and on one or two more occasions in the next day or two, defendant declined the officer's further requests to purchase marihuana from defendant, but the officer testified defendant indicated he might have marihuana later. On the night of the arrest, August 2 and the early morning of August 3, the officer, defendant, and a friend bought a case of beer and took it to a party at a home in the vicinity. Eight to ten people were at the party and after the beer was consumed a suggestion was made by others at the party—the officer testified not by him—that defendant get some marihuana. Defendant testified the officer, among others, urged him to get it. The defendant agreed to furnish the marihuana. The officer had a vehicle available so he drove the defendant to a country road defendant designated. The officer, at defendant's direction, drove a half mile up the road to turn around while defendant went into an adjacent open area and returned with a plastic sack containing marihuana. Back at the party some of the marihuana was smoked and defendant sold the balance to the officer and another person present. The indictment charged possession "on or about August 3."

■ (1). In *State v. Molatore,* 3 Or App 424, 474 P2d 7 (1970), we held that the elements of possession,

and of sale, of narcotics are different. We held that the defense of collateral estoppel discussed in *State v. George,* 253 Or 458, 455 P2d 609 (1969), is inapplicable where the charge of sale is tried ahead of the charge of possession. In the case at bar it would have been possible for the officer to have entrapped the defendant into a sale and the defendant could nevertheless have been guilty of possession without being entrapped into that crime. We reject this assignment of error.

Assignments of error (2) and (3) will be discussed together. The defendant during direct and cross-examination stated that he went to its hiding place and got the marihuana, that he considered it to be his own; that he knew what it was; that he had had it for a couple of months; that he had hidden it under the bush from which he took it; and that he knew it was there.

The trial court instructed the jury that it could not find the defendant guilty based upon "constructive possession before * * * the defendant and the police officer went out to the scene," because the state had relied upon the particular situation where the defendant got the marihuana and brought it back to the car. The court instructed, however, that evidence of prior constructive possession could be considered in connection with the defense of entrapment.[①]

---

[①] Why the state should have been limited to proof of actual possession to convict, excluding constructive possession, is not clear. In State v. Oare, 249 Or 597, 599, 439 P2d 885 (1968), concerning possession of marihuana, the Oregon Supreme Court said:

"* * * A person may have constructive as well as actual possession of contraband. * * * Evidence of the control or the right to control is necessary to constructive possession * * *."

Constructive possession has been frequently discussed in recent

■ The defendant himself testified that he had no less than constructive possession of the marihuana long before he even knew the police officer. We consider it doubtful whether the court should have submitted the defense of entrapment to the jury at all. However, it did give the uniform bar instruction on entrapment and let the jury determine the question.[2] The requested instruction which the defendant proffered on entrapment included language which, in substance, said that if the officer made alcoholic liquor illegally available to the defendant it was a violation of a law and might be considered as conduct which was offensive per se, and the jury could consider that as an act of inducement for the defendant to commit the crime. We do not see how supplying beer to the defendant was relevant to the facts that he had possession of marihuana,

---

cases arising out of prosecution for possession of narcotics. For example, in Spataro v. State, 179 So2d 873, 877 (Fla App 1965), the court said:

> "The accused has 'constructive possession' of a chattel where he has knowledge of its presence coupled with the ability to maintain control over it or reduce it to his physical possession, even though he does not have actual personal dominion * * *. [P]ossession need not be 'exclusive,' but may be joint * * *."

Similar cases are: Amaya v. United States, 373 F2d 197, 199 (10th Cir 1967), Quiles v. United States, 344 F2d 490, 493 (9th Cir 1965), cert denied 382 US 992 (1966), and State v. Walcott, 72 Wash2d 959, 435 P2d 994 (1967).

[2] "The question of entrapment has been raised. 'Entrapment' means the use of methods to induce a person to commit a crime.

"When a person has no previous intent to violate the law but is induced or persuaded by law enforcement officers to commit a crime, he has been entrapped and must be acquitted.

"On the other hand, where a person already has a readiness and willingness to break the law, and the law enforcement officer merely provides what appears to be a favorable opportunity upon which to base the act, he has not been entrapped." Oregon State Bar Uniform Jury Instruction No. 210.10, as given by the trial judge.

that he knew that it was marihuana, and that his possession of it was illegal. The instruction given was adequate, and the one requested improper.

■ (4). Defendant contends that he should have been allowed to introduce evidence that the trial judge in the previous case had ruled that the defendant was entrapped into selling the marihuana. Inasmuch as the elements of the second crime are different from the first, as we held in *State v. Molatore,* supra, it would have been error if the trial court had allowed evidence of the former ruling.

Affirmed.