Argued October 5, affirmed October 29, petition for rehearing denied November 21, petition for review denied December 27, 1973

## STATE OF OREGON, *Respondent, v.* CHARLES EDWARD GUNN (No. C 73-03-0753 Cr), *Appellant.*

515 P2d 187

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General,

Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

Defendant seeks reversal of his conviction, upon trial to the court without a jury, for criminal activity in drugs, ORS 167.207, on the ground that the evidence established entrapment as a matter of law.

While hitchhiking in Portland, defendant and two others were given a ride by two police officers. The officers were in civilian clothes and driving an unmarked car. Without revealing their true identity or purpose, one of the officers asked defendant where they could obtain some marihuana or hashish. Defendant directed the officers to a Portland address, went inside, returned to the car, handed two grams of hashish to the officers, and received $10 from the officers.

The defense of entrapment is defined by statute.

"(1) The commission of acts which would otherwise constitute an offense is not criminal if the actor engaged in the proscribed conduct because he was induced to do so by a law enforcement official, or by a person acting in cooperation with a law enforcement official, for the purpose of obtaining evidence to be used against the actor in a criminal prosecution.

"(2) As used in this section, 'induced' means that the actor did not contemplate and would not otherwise have engaged in the proscribed conduct. Merely affording the actor an opportunity to com-

mit an offense does not constitute entrapment." ORS 161.275.

This statute was intended to be a codification of the doctrines developed in *State v. LeBrun,* 245 Or 265, 419 P2d 948 (1966), *cert denied* 386 US 1011 (1967); *State v. Murray,* 238 Or 567, 395 P2d 780 (1964); and *State v. Beeson,* 106 Or 134, 211 P 907 (1923). *See,* Commentary, Proposed Oregon Criminal Code, p 34.

Entrapment is a defense rather than an affirmative defense. ORS 161.190. This means that "* * * the state has the burden of disproving * * * [entrapment] beyond a reasonable doubt," ORS 161.055 (1); when evidence of entrapment is introduced at trial, ORS 161.055 (3).

■■ We agree with defendant's claim that evidence of entrapment can be so overwhelming that a trial judge must rule that the state has failed to disprove entrapment as a matter of law.

> "* * * If the facts are sufficiently clear to show entrapment as a matter of law, the court can terminate the case. If the facts are conflicting the court can submit the issue to the jury." *State v. Folsom,* 1 Or App 404, 407, 463 P2d 381 (1970).

Permitting a finding of entrapment as a matter of law is merely the converse of the rule that there must be some evidence of entrapment to warrant a jury instruction on that defense. *State v. Davis,* 14 Or App 422, 512 P2d 1366 Sup Ct *review denied* (1973).[1] In-

---

[1] Cf., Koch v. Southern Pacific Co., 266 Or 335, 355, 513 P2d 770 (1973):

> "* * * As in all negligence cases there will be a continuum between no evidence of negligence and evidence of negligence as a matter of law and it will still be the court's duty to take the issue from the jury in cases at the continuum's extreme ends."

deed, as a theoretical matter, it would seem that almost any issue in any trial can be decided by the trial judge as a matter of law. *See, State v. Sands,* 10 Or App 438, 499 P2d 821, Sup Ct *review denied* (1972) (insanity defense can be established as a matter of law).

■ But this theoretical possibility is of no aid to the defendant in this case. Immediately upon being asked by undercover police officers whether he could assist them in obtaining drugs, and without any other inducement, defendant directed them to a source and actively participated in the exchange of hashish for money. At the most, this evidence raises a question of fact, not one of law; and the trier of fact was not required to resolve that question in defendant's favor. *State v. Steward,* 9 Or App 35, 496 P2d 40, Sup Ct *review denied* (1972); *State v. Kraemer,* 9 Or App 220, 495 P2d 1241, Sup Ct *review denied* (1972); *State v. Harp,* 6 Or App 85, 485 P2d 1123, Sup Ct *review denied* (1971); Annotation, 33 ALR2d 883 (1954). *See also, United States v. Russell,* 411 US 423, 93 S Ct 1637, 36 L Ed 2d 366 (1973).

Affirmed.