■ The People of the State of New York, Appellant, v. Stanley George Bauer, Respondent.— Appeal by the People, as limited by their brief, from so much of an order of the County Court, Suffolk County, entered June 13, 1973, as (1) granted the branch of defendant's motion which was to inspect the Grand Jury minutes and to dismiss the indictment, which charges defendant with attempted grand larceny in the second degree, and (2) exonerated defendant's bail, if any. Order reversed, insofar as appealed from, on the law, motion to inspect Grand Jury minutes and to dismiss the indictment denied, and indictment reinstated. The indictment was dismissed upon the ground that the evidence before the Grand Jury clearly established the defense of renunciation as defined in subdivision 3 of section 40.10 (formerly § 35.45) of the Penal Law. Under that statute, such renunciation must be "voluntary and complete", that is, it must not have been motivated in whole or in part by "a belief that circumstances exist which increase the probability of detection or apprehension of the defendant or another participant in the criminal enterprise, or which render more difficult the accomplishment of the criminal purpose" (Penal Law, § 40.10, subd. 5). While the evidence before the Grand Jury did establish that defendant had abandoned his criminal enterprise, the circumstances were such as to raise a tangible question as to whether he was motivated by the suspicion

that the authorities had been alerted and that he was in imminent danger of apprehension if he pursued the matter. "There is no effective renunciation where it is prompted by a fear of detection or arrest" (Rothblatt, Criminal Law of New York, § 42, citing Penal Law, former § 35.45, subd. 5). Renunciation is an affirmative defense to be raised at the trial and established by the defendant by a preponderance of the evidence (Penal Law, § 25.00, subd. 2) and is not to be determined as a matter of law. Rabin, P. J., Hopkins, Munder, Shapiro and Brennan, JJ., concur.