Submitted on record and appellant's brief May 14,
affirmed June 2, 1975

STATE OF OREGON, *Respondent, v.*
ALMA MURPHY (No. 8536), *Appellant.*

535 P2d 779

Gary D. Babcock, Public Defender, and John K. Hoover, Deputy Public Defender, Salem, for appellant.

No appearance by respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

■ Defendant appeals from her conviction of criminal activity in drugs (furnishing marihuana), ORS 167.207, asserting that the trial court erred in denying her motion for a directed verdict of acquittal, which was based on the defense of entrapment. Entrapment is a "defense," as opposed to an "affirmative defense," ORS 161.275, and if sufficiently raised must be disproved beyond a reasonable doubt. ORS 161.055. *State v. Davis,* 14 Or App 422, 428-29, 512 P2d 1366, Sup Ct *review denied* (1973).

The entrapment statute relied upon by defendant, ORS 161.275, provides:

"(1) The commission of acts which would otherwise constitute an offense is not criminal if the actor engaged in the proscribed conduct because he was induced to do so by a law enforcement official, or by a person acting in cooperation with a law enforcement official, for the purpose of obtaining evidence to be used against the actor in a criminal prosecution.

"(2) As used in this section, 'induced' means that the actor did not contemplate and would not otherwise have engaged in the proscribed conduct. *Merely affording the actor an opportunity to commit an offense does not constitute entrapment.*" (Emphasis supplied.)

■ On trial defendant admitted that she approached an undercover man, offered him a pound of· marihuana for $130 and sold it to him for that amount of money. Defendant contended she was entrapped because the undercover agent was her friend and he had several times previously asked her to procure drugs for him. Trial was to the court without a jury and there was some conflict in the testimony. We conclude that entrapment was not established as a matter of law. The trial court's findings on factual matters are as binding as a jury verdict.

After the presentation of evidence, the trial judge concluded:

"* * * * *

"I simply don't find entrapment here. There is nothing to indicate that anything was offered or given to her by way of inducement. * * *

"She seemed to rely somewhat on a separate defense, which is one of duress, which has not been raised, but that is not involved here. The issue is one of whether or not she was actually entrapped, and I am satisfied that she was not.

"* * * * *"

*See State v. LeBrun,* 245 Or 265, 419 P2d 948 (1966), *cert denied* 386 US 1011 (1967); *State v. Gunn,* 15 Or App 174, 515 P2d 187, Sup Ct *review denied* (1973); *State v. Davis,* supra; *State v. Folsom,* 1 Or App 404, 463 P2d 381 (1970).

Affirmed.