Argued March 21, affirmed April 20, 1977

## STATE OF OREGON, *Respondent,*
### *v.*
## DELBERT R. LAMMERS, JR., *Appellant.*
### (No. 2179-C, CA 7253)
562 P2d 1223

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from his conviction following a trial to the court of attempted rape, ORS 161.405 (attempt) and ORS 163.375 (rape), and assigns as error the denial of his motion for acquittal on the grounds of renunciation. ORS 161.430.

On July 22, 1976, the victim, aged 13, who is defendant's sister-in-law, arrived at defendant's house at about noon to babysit for defendant's children. The victim's sister stated that the job would probably last a few hours. The victim's sister and defendant then left separately, and defendant returned at about 3 p.m. The victim, who was watching the children play in the front yard, went inside the house to call her mother, but was instead carried by defendant into a bedroom. Defendant then removed both his and the victim's pants and underwear, and lay on top of the victim for some period of time.[1] Defendant admitted that while this transpired, the victim was screaming, pulling defendant's hair, hitting defendant and threatening to tell her sister about the incident. The victim then told defendant that he was hurting her and the defendant ceased his attack. Defendant testified that he desisted because he realized that what he was doing was wrong.

ORS 161.430 provides:

"(1) A person is not liable under ORS 161.405 if, under circumstances manifesting a voluntary and complete renunciation of his criminal intent, he avoids the commission of the crime attempted by abandoning his criminal effort * * *.

"(2) The defense of renunciation is an affirmative defense."

The comments of the Criminal Law Revision Commission regarding ORS 161.430 state:

"To qualify for the defense of renunciation * * * the section requires that the renunciation must be complete-

---

[1]Defendant testified that he lay on the victim for two minutes; the victim testified that the duration was twenty minutes.

ly voluntary. It is not sufficient if the actor is frightened into abandoning his conduct because of the imminence of police interference, or because he decides to wait until a later time to continue his activity, or because a means he has chosen for accomplishing the crime has proved inadequate." Oregon Criminal Code of 1971, Commentary at 52-53 (1975).

Accordingly, a defendant must show by a preponderance of the evidence that his motive for desisting was due to a change in heart, and was not founded in fear of apprehension or because the actual commission of the crime posed unexpected difficulties. *See* Model Penal Code, Tent. Draft No. 10, § 5.01(4), Commentary at 69-70 (1960). *See also People v. Bauer,* 43 App Div2d 833, 350 NYS2d 745 (1974). And, as the defense of renunciation turns on the nature of a defendant's motive, the credibility of the defendant as viewed by the trier of fact may be determinative of the success of the defense.

Here the trial judge stated:

"* * * In the circumstances of this particular case this Court sitting in place of a jury does not find that the defendant has * * * convinced it by a preponderance of the evidence that his withdrawal, admitting that there was a withdrawal, was manifesting a complete and voluntary renunciation * * * [t]hat is, his withdrawal came for the reasons that the legislature intended to allow a complete defense in this matter because there could have been lots of other reasons * * *."

The court's findings on factual matters are as binding as a jury verdict. *State v. Murphy,* 21 Or App 630, 535 P2d 779 (1975). We cannot say that the evidence established as a matter of law that defendant had proven the defense of renunciation.

Affirmed.