Argued November 21, 1978, affirmed January 29, petition for review allowed May 9, 1979

# STATE OF OREGON, *Respondent,*
## *v.*
# KAREN KAY McBRIDE, *Appellant.*
## (No. DA144360, CA 11610)

589 P2d 1164

187 ]

John A. Wetteland, Jr., Portland, argued the cause and filed the brief for appellant.

Allison Smith, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals her conviction by a jury verdict of prostitution, ORS 167.007. She makes three contentions: (1) the court erred in ruling that an entrapment defense was inconsistent with denial of the criminal act; (2) the court erred in excluding evidence that defendant had no prior police contacts; and (3) the court erred in refusing her instruction on entrapment.

Defendant was arrested by an undercover police officer after a contact on the street. The officer testified he first saw defendant standing on a Portland street. He returned to the area approximately one hour later and saw her in the same area. He stopped his vehicle and asked defendant if she was available. She replied, "Not really." He then prepared to leave, and defendant got into his car. She told the officer she had been on the street for a while, but no one had made her a reasonable offer. The officer asked what would be a reasonable offer, and she replied $40. When asked what he would get for $40, the defendant replied, "Me." He told the defendant he wanted a "car date" which he explained to her was a sexual act in the car parked on a dark side street. The officer told defendant he wanted her to engage in an oral sex act with him, and she stated that would cost $20. He then mentioned a particular location for the act, but defendant suggested they go to an area of the city known as Slab Town and gave the officer directions. He drove toward the police station and then arrested the defendant. She was subsequently interviewed by another officer and stated, "I've heard of girls making a million dollars this way but it looks like I'm not going to make it."

Defendant's version of the incident is somewhat different. She testified she was unemployed and depressed about her financial situation. On the evening she was arrested she was to meet her boyfriend at 10 p.m. in Slab Town. She had gone to the downtown area at approximately 8:30 p.m. to window shop and wait for the boyfriend. When the officer called her over to

his car she thought he may have been lost and needed directions. She told him she was not available in response to his inquiry, but got into his vehicle out of curiosity. She told the officer of her financial difficulties and said if she had $40 she would be happy. She agreed the officer described a "car date" to her, but when asked if she agreed to engage in what the officer described as "oral copulation" for $20, she replied, "Not that I really recall." She testified she never intended to engage in a sexual act with the officer for a fee and had only suggested they go to Slab Town because that was a convenient way for her to get to the area where she was to meet her boyfriend.

Prior to trial defendant filed a notice of intent to rely on entrapment as a defense. At the close of the state's case in chief the defendant requested the court to rule whether the defense of entrapment was available. The arguments of counsel centered on the availability of entrapment if defendant does not concede the act charged was committed. The court stated its opinion that an entrapment defense is inconsistent with a denial of the elements of the charge. The court, however, said it would await full presentation of the evidence to determine if an instruction on entrapment would be given.

■■■ Entrapment is a defense which must be raised by the defendant either by a pretrial notice or by affirmative evidence from a defense witness. ORS 161.055(3). When the defense is raised, the state has the burden of disproving the defense beyond a reasonable doubt. Evidence of entrapment is to be presented to the jury. If, after the evidence is presented, the court determines the facts are sufficiently clear to show entrapment as a matter of law, the court can terminate the case. If the evidence is conflicting but is sufficient to raise the defense, the issue of entrapment can be submitted to the jury by proper instructions. *State v. Folsom*, 1 Or App 404, 463 P2d 381 (1970). Entrapment is not a matter to be determined prior to the receipt of evidence. In this case the court expressed its

opinion that the entrapment defense was inconsistent with denial of the charge. The court, however, did not foreclose defendant from putting on evidence of entrapment; consequently the defendant has no basis to complain of the court's ruling.

In her second and third assignments of error the defendant contends the court erred in excluding evidence that she had no prior contacts with the police. On cross-examination the arresting officer was asked if defendant had any prior contacts with the police or if she had a "rap sheet." The court sustained the state's objection. During the direct examination of defendant she testified, without objection, that she had no other arrests. She was then asked if she had any other contacts with police agencies. The state's objection was sustained.

Defendant argues since the lack of predisposition of the accused to commit the crime charged is an essential element of entrapment, evidence that she had no prior police contact is relevant to establish lack of such predisposition.

When the defense of entrapment is raised the state, in meeting its burden to disprove the defense, may show the defendant has previously engaged in similar criminal activity. *See United States v. Sherman,* 200 F2d 880 (2d Cir 1952). Such proof raises logical inferences that the defendant had a predisposition to commit the offense and the inducement by the law enforcement agent merely afforded an opportunity to act on that predisposition.

However, the converse does not necessarily follow. Evidence that the defendant has had no prior police contact establishes only that fact. The lack of police contact can result for a number of reasons: inefficient police investigation, a crafty defendant, the fact that defendant is new in the area or the fact that defendant has engaged in no previous criminal activity that would bring her into contact with the police.

■ ■ When evidence is offered, it must first meet the test of relevancy to be initially admissible. When the evidence is offered as circumstantial proof of a fact in issue, the test of relevancy is whether the evidence renders the desired inference more probable than it would be without the evidence. The inference defendant seeks to draw from the fact she had no prior police contact is that she did not have a predisposition to commit an act of prostitution. We conclude the offered evidence does not render that inference more probable, and it was not error to reject it.

■ Defendant's final assignment of error is that the court improperly refused to instruct on entrapment. The colloquy between court and counsel respecting the instruction again centered on the question whether entrapment was inconsistent with a denial of the elements of the charge. The court stated it was still of the opinion that entrapment could not be urged as a defense when there was testimony by the defendant that the crime was not committed. The court then said: "But even over and above that, the court would hold that there has been no testimony in this case which would show any evidence of entrapment."

We need not reach the inconsistency question because we agree with the trial court there was no evidence to justify an instruction on entrapment. The question of entrapment as a factual issue to be decided by the jury is not raised simply by giving notice of the defense. *State v. Davis,* 14 Or App 422, 512 P2d 1366 *rev den* (1973). Defendant's testimony was that she had no intention of engaging in a sexual act with the officer for a fee and that she suggested they go to Slab Town merely as a means of getting transportation to meet her boyfriend. In essence she only denied committing the offense. That was not evidence of entrapment.

Affirmed.