Argued and submitted July 2, reversed and remanded September 11, 1979

STATE OF OREGON,
*Respondent,*
*v.*
KAREN KAY McBRIDE,
*Petitioner.*
(CA 11610, SC 26095)
599 P2d 449

John A. Wetteland, Jr., Portland, argued the cause and filed a brief for petitioner.

Allison Smith, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

HOWELL, J.

**HOWELL, J.**

The issue—one of first impression in this state—is whether a criminal defendant is entitled to the defense of entrapment without being required to concede that she committed the crime or any of the elements of the crime.

The defendant was indicted for the crime of prostitution under ORS 167.007.[1] The defendant gave notice of intent to rely on entrapment as a defense. The trial court held that defendant was not entitled to an instruction on entrapment because (1) the evidence did not support entrapment, and (2) the defendant was not entitled to the defense without an admission that she committed the crime charged. She was convicted, and the Court of Appeals affirmed the conviction, 38 Or App 187, 589 P2d 1164 (1979).[2] We granted review to decide whether a defendant must admit the crime in order to have entrapment available as a defense. We hold that an admission of the crime or any of its elements is not necessary, and we reverse.

---

[1] ORS 167.007 reads:

"(1) A person commits the crime of prostitution if:

"(a) He engages in or offers or agrees to engage in sexual conduct or sexual contact in return for a fee; or

"(b) He pays or offers or agrees to pay a fee to engage in sexual conduct or sexual contact.

"(2) Prostitution is a Class A misdemeanor."

[2] It is not exactly clear that Court of Appeals relied on both lack of evidence of entrapment and the unavailability of the defense unless the crime is admitted. The Court of Appeals stated, in the final paragraph of its opinion:

"We need not reach the inconsistency question because we agree with the trial court there was no evidence to justify an instruction on entrapment. The question of entrapment as a factual issue to be decided by the jury is not raised simply by giving notice of the defense. *State v. Davis,* 14 Or App 422, 512 P2d 1366 *rev den* (1973). Defendant's testimony was that she had no intention of engaging in a sexual act with the officer for a fee and that she suggested they go to Slab Town merely as a means of getting transportation to meet her boyfriend. In essence she only denied committing the offense. That was not evidence of entrapment." 38 Or App at 192.

Entrapment is defined in ORS 161.275:

"(1) The commission of acts which would otherwise constitute an offense is not criminal if the actor engaged in the proscribed conduct because he was induced to do so by a law enforcement official, or by a person acting in cooperation with a law enforcement official, for the purpose of obtaining evidence to be used against the actor in a criminal prosecution.

"(2) As used in this section, 'induced' means that the actor did not contemplate and would not otherwise have engaged in the proscribed conduct. Merely affording the actor an opportunity to commit an offense does not constitute entrapment."

We note preliminarily that there is nothing in the statutory definition indicating that the defendant must admit doing the proscribed act before being allowed the benefit of the defense. All that is required is that the defendant be "induced" by a law enforcement official or a person acting in cooperation with such official to engage in the act and that the defendant did not contemplate and would not otherwise have engaged in the act.

There was testimony from a police vice officer that he saw defendant standing on a street in Portland and that she was still there approximately an hour later. He drove up in an unmarked car and asked her if she was available and she said, "Not really." He prepared to leave and she got into his car and told him no one had made her a reasonable offer. They discussed what a reasonble offer would be and, according to the officer, they agreed on $20. He requested a "car date" and they then discussed a location and she suggested they go to a place known as Slab Town. On the way the vice officer drove toward the police station where he arrested her.

The defendant testified she was window shopping while waiting for her boyfriend. She was unemployed and depressed about her financial condition. A man drove up and talked to her. She got into the car and he asked her how she was doing. She told him her car had

been involved in an accident, that her roommate had been asking her about a gas bill, and that she was on the "poor side." He said he could help financially. She told him if she had $40 it would be great. He offered $20 for a "car date." She was scared. He wanted to know where to go and she requested he drive to Slab Town. He drove in the opposite direction and when they neared the police station he arrested her. She also testified that she did not recall agreeing to $20 as the fee for a sexual act. We believe that this evidence presented a jury question as to whether the defendant was entrapped within the meaning of ORS 161.275.

■ The Court of Appeals' opinion contains language that appears to suggest that the trial court may, but need not, instruct on the defense of entrapment where the evidence sufficiently raises the defense.[3] This is not the law. A criminal defendant is entitled to have his theory of the case presented to the jury if there is evidence to support it. *State v. Newlin,* 92 Or 589, 182 P 133 (1919). The trial court is not vested with discretion to refuse an instruction supported by the evidence.

■ We conclude that, on the record before it, the trial court should not have refused to instruct on the defense of entrapment on the ground that the evidence did not support such an instruction. Accordingly, we must decide whether the trial court correctly refused the instruction on the ground that defendant's denial of the crime precluded the defense of entrapment.

A number of courts have held that a defendant cannot rely upon the defense of entrapment without admitting the commission of the crime charged. *See* Annot., 61 ALR2d 677(1958). The predicate for these decisions is that it is logically inconsistent for a defendant to claim he did not commit the crime and, at

---

[3] The court cited *State v. Folsom,*1 Or App 404, 463 P2d 381 (1970), and said: "If the evidence is conflicting but is sufficient to raise the defense, the issue of entrapment *can* be submitted to the jury by proper instructions." 38 Or App at 190 (emphasis added).

the same time, claim he was entrapped into committing it. Recently, however, courts have begun to reexamine this rule, and the trend of the law appears to be toward allowing the defendant to both deny the crime and assert the entrapment defense. *United States v. Demma,* 523 F2d 981 (9th Cir 1975); *People v. Perez,* 62 Cal 2d 769, 44 Cal Rptr 326, 401 P2d 934 (1965). *See also,* Groot, *The Serpent Beguiled Me and I (Without Scienter) Did Eat—Denial of the Crime and the Entrapment Defense,* 1973 U Ill LF 254.

From a logical standpoint, denial of a crime and a claim of entrapment may appear inconsistent, but only because the ultimate finding of entrapment depends on an antecedent finding that the criminal act was, in fact, committed.[4] In other words, the jury cannot find as ultimate facts that defendant did not commit the criminal act and that he was entrapped into committing it. On the other hand, a defendant's testimony may be completely internally consistent and still raise a reasonable doubt both as to the commission of the criminal act and as to whether or not an entrapment occurred.[5] For example, a defendant charged with purchasing an illegal drug may claim that he never contemplated such a purchase, that a police officer tried to convince him to make such a purchase, and that he nevertheless resisted the temptation. The defendant's testimony is perfectly consistent, but still could support an acquittal either on the ground of entrapment or on the ground that defendant never committed the crime.

An even more obvious case in which the entrapment defense logically could be raised despite the

[4] There is nothing even apparently inconsistent about asserting entrapment and denying the crime when the denial of the crime consists of a denial of state of mind, as opposed to act. A claim of entrapment is, in effect, one means of asserting that the criminal act was committed, but that defendant did not possess the requisite bad state of mind.

[5] When the defense of entrapment is raised, the state has the burden of disproving the defense beyond a reasonable doubt. ORS 161.275, 161.190, 161.055.

defendant's refusal to admit the crime occurs when the defendant refuses to testify. The state may produce evidence as part of its case in chief that shows both the commission of the crime and a possible entrapment. If the defendant then refuses to take the stand, he admits nothing,[6] yet should be entitled to an instruction on entrapment, based on the evidence produced by the state.

It has been suggested that apart from its logical consistency or inconsistency, a rule requiring the defendant to admit the criminal act before asserting the defense of entrapment might raise constitutional problems. *United States v. Demma, supra,* at 986; Groot, supra at 269-78. It has also been observed that since inconsistent defenses are allowed in criminal cases generally, there is no justification for prohibiting them in cases involving entrapment. *United States v. Demma, supra* at 985.

We decline to follow those cases that hold the entrapment defense unavailable unless defendant first admits the criminal act charged. ORS 161.275, the statutory codification of the entrapment defense, contains nothing that would require the defendant to admit doing the proscribed act before being allowed the benefit of the defense, and we have found no other statute that would have that effect.

Because defendant produced evidence sufficient to warrant an entrapment instruction, and because she was not required to admit the criminal act in order to raise an entrapment defense, the trial court erred in refusing to give an entrapment instruction. The decision of the Court of Appeals is reversed, and the Court of Appeals is instructed to remand the case to the district court for a new trial.

Reversed.

---

[6] *See Griffin v. California,* 380 US 609, 85 S Ct 1229, 14 LEd 2d 106 (1965).