Argued May 20, affirmed June 28, 1974

STATE OF OREGON, *Respondent, v.* WADE
JAMES SMITH (No. C 73-07-2230 Cr), *Appellant.*

523 P2d 1048

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

Defendant was indicted for and convicted by a jury of possessing heroin contrary to ORS 167.207.[1] He appeals from the judgment of conviction.

The indictment arose from an attempted purchase of heroin by an undercover agent of the Multnomah County Sheriff's Office on July 19, 1973. On that date the agent arranged to purchase a quantity of heroin and agreed to meet at a certain residence in Portland to consummate the transaction. At the time set for the meeting the agent was waiting in the bedroom of the house when a man identified as the de-

---

[1] At the time of the indictment ORS 167.207 stated:

"(1) A person commits the crime of criminal activity in drugs if he knowingly and unlawfully manufacturers (sic), cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drug.

"* * * * *."

This statute was amended by Oregon Laws 1973, ch 680, § 1, p 1521, but the amendments do not affect the outcome of this case.

fendant arrived. When defendant learned that the buyer was in the bedroom he stated that he did not want to leave the heroin at the house and proceeded to leave. The agent left the bedroom, went outside the house and told defendant that she would purchase the heroin without seeing it first.

Defendant then backed the car he was driving down the street, picked up another person—later identified as a Miss Arceneaux—and returned to the house. Before the purchase could be completed, surveillance officers arrived to arrest the parties involved. Defendant drove off and the police gave chase. During this chase, one officer observed the passenger door open and an object fall out of the vehicle. This object was found to be a package of heroin. Later in the chase, the door opened again and Miss Arceneaux either fell, jumped or was pushed out of the vehicle. Defendant stopped his car and was arrested.

A search of the vehicle revealed a white powder, later identified as heroin, on the floor of the passenger side of the car. No heroin was found on defendant's side of the vehicle or on his person.

At trial, defendant testified that he was living with Miss Arceneaux at the time of this incident and that he knew she was delivering heroin for an unknown seller. He stated that he disapproved of this practice and had attempted, unsuccessfully, to talk her out of it. He testified that he accompanied her during the attempted delivery on July 19 because he was afraid that something might happen to her; he left her on the corner so that he could go to the house himself and make certain that there was no threat to her safety. He admitted knowing she then had heroin in her possession. At the time of the arrival of the police, he

fled because he was frightened and did not know what to do. He contended that he knew Miss Arceneaux was throwing something out of the car, but didn't know what it was.

Miss Arceneaux confirmed defendant's testimony and testified that defendant had never seen the heroin or had any control over it.

■ On appeal, defendant contends that his motion for a judgment of acquittal at the conclusion of the state's case should have been granted on the ground of no evidence of possession. We find that the evidence introduced, taken in the light most favorable to the state, supports the verdict against defendant.

Defendant further contends that the trial court's instruction regarding aiding and abetting the crime of possession was improper since there was no evidence to support such an instruction. Counsel for defendant concedes that one person may conceivably assist another in the possession of narcotics, so we need not reach the question whether this is theoretically possible, but only the question of whether, on the facts, the instruction given was proper.

■■ The trial judge has wide discretion concerning the content of his instructions. ORS 17.255 (1); *State v. Jones,* 11 Or App 129, 135, 500 P2d 1225 (1972), Sup Ct *review denied* (1973). This discretion includes the power to instruct the jury on all questions and issues growing out of the testimony in the case without a request from either party. *State v. Jennings,* 131 Or 455, 463, 282 P 560 (1929); *State v. Ollison,* 16 Or App 544, 519 P2d 393 (1974). Aiding and abetting has been broadly defined in *State v. Rosser,* 162 Or 293, 86 P2d 441, 87 P2d 783, 91 P2d 295 (1939), to include

the advising, counseling, procuring or encouraging another in the commission of a crime. ORS 161.155 enacted in 1971 provides:

"A person is criminally liable for the conduct of another person constituting a crime if:

"* * * * *

"(b) [He] [a]ids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime * * *

"* * * * *."

We find that the facts of this case support the exercise of the trial court's discretion in the giving of the contested instruction.[2]

Affirmed.

---

[2] We note that defendant's own testimony at trial amounted to an admission that he was knowingly transporting narcotics, itself a violation of ORS 167.207.