Argued and submitted July 28,
reversed and remanded for new trial September 2, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID JOHN CASTLE,
*Appellant.*

(No. CR 79-717, CR 79-718, CR 79-719, CA 17360)

616 P2d 510

Robert S. Gardner, Corvallis, argued the cause for appellant. On the brief were Ringo, Walton, Eves & Gardner, and J. Britton Conroy, Corvallis.

Duane W. Halbleib, Deputy District Attorney, Dallas, argued the cause for respondent. With him on the brief was John L. Snyder, District Attorney, Dallas.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from his conviction by a jury on charges of resisting arrest, criminal mischief in the second degree, and assault in the fourth degree against a police officer. The trial court found the criminal mischief and assault charges merged into the resisting arrest charge for sentencing purposes and sentenced defendant to ten days in jail, two years' probation and restitution of $109.20 for damage defendant caused to the police car.

Defendant raises four assignments of error:

1) The trial court erred in permitting the state to cross-examine defendant on a prior conviction for failure to perform the duties of a person involved in an accident, a traffic infraction.

2) The trial court called attention to defendant's alleged drunkenness by instructing the jury on the charge of driving under the influence of intoxicants when that charge against defendant had been dismissed.

3) The trial court failed to instruct the jury on defendant's theory of self-defense.

4) The court erred in instructing the jury on the crime of criminal mischief in the third degree (a class C misdemeanor), when defendant was charged with, convicted of and a verdict received on the charge of criminal mischief in the second degree (a class A misdemeanor).

The essential facts are as follows:

Defendant was flagged down for speeding. He was near home by the time the officer signaled defendant to stop. Instead of stopping, defendant pulled into his driveway, and, according to the arresting officer's testimony, defendant traded places in the auto with his wife. Defendant and his wife testified that she was driving. A dispute over this fact arose and defendant became belligerent. According to the officer, defendant threatened him when the officer told defendant he

was under arrest. Defendant apparently acquiesced and allowed himself to be handcuffed with his hands behind his back. Defendant asked that the cuffs be loosened and the officer told him he would do so once defendant was in the patrol car. At this point, the evidence diverges drastically. Defendant and his parents, who witnessed the events, testified that the officer struck defendant first on the head with his nightstick. Thereafter, defendant stated he remembered very little, but his parents testified that the officer delivered repeated blows to defendant's head, shoulders and legs, eventually causing him to fall to the grounds in convulsions. Defendant's wife testified that defendant kicked the officer first, but the balance of her story, insofar as she remembers, comports with those of defendant and his parents. The officer testified that defendant kicked him several times in the groin and legs before he struck defendant with his flashlight. Defendant continued to struggle and the officer managed to bring defendant down by means of a blow to the lower legs with his nightstick.

A second officer arrived at this point and helped place defendant in the rear of a patrol car. En route to the jail, the officers stopped to subdue defendant, who damaged the rear door of the vehicle by kicking it. At that time defendant was observed bleeding about the head. He was then taken to the hospital and then released to jail. There was no medical evidence submitted by either side.

■ Turning first to defendant's third assignment—failure to give the self-defense instruction[1]—

---

[1] Defendant's self-defense instruction:

"The defense of self-defense of another person has been raised.

"A person is justified in using physical force upon another person where the physical force was used to defend himself (or a third person) from what he reasonably believed to be the use or imminent use of unlawful physical force upon himself (or a third person). However, a person may use only that degree of force which he reasonably believed to be necessary for the defense.

"The State must disprove this defense beyond a reasonable doubt."

we conclude that refusing to instruct the jury as to defendant's right to use force to defend himself against alleged unlawful force used by the officer in making the arrest was reversible error. The trial court instructed the jury on the elements of the crimes of resisting arrest and assault in the fourth degree. ORS 162.315, 163.160. He further instructed, with respect to resisting arrest, that a person may not use force against an arresting officer whether or not the officer has lawful authority to make the arrest (ORS 161.260) and that, in effectuating an arrest, an officer may lawfully use reasonable physical force. (ORS 161.235(1).) No further instructions were given.

 In most cases a person is not entitled to resist arrest by a police officer, although the person knows himself to be innocent of all charges. If a person physically resists, the arresting officer is authorized to use reasonable force necessary to overcome the resistance. Where, however, the officer uses unreasonable force to arrest a person who is offering no resistance, that person is entitled to defend himself. *State v. Crane,* 46 Or App 547, 552-53, 612 P2d 735 (1980).[2]

 A party is entitled to have the jury instructed on the law which supports his theory of the case where there is evidence to support that theory and the party submits an instruction that correctly states the law. *State v. McBride,* 287 Or 315, 319, 599 P2d 449 (1980). The requested instruction in this case is based directly upon ORS 161.209 which authorizes the use of force in self-defense. There was evidence here from which the jury might have concluded that the officer used excessive force in getting the defendant into the patrol car

---

[2] At the time of trial, the law on the subject of when and how a person could resist unlawful use of force by a police officer was set forth in *State v. Hall,* 36 Or App 133, 583 P2d 587 (1978). That case held that an arrestee could permissibly use force only to prevent unlawful use of deadly force. 36 Or App at 139. This holding was disapproved in *State v. Crane, supra,* 46 Or App at 553, n 3. We therefore need not determine as did the trial court, whether the officer's use of a flashlight and nightstick constituted deadly force. *See* ORS 161.015(3).

against which defendant was entitled to defend himself.[3] From the instructions given, the jury could have concluded that defendant was resisting arrest even though they found that the officer was the aggressor and used unreasonable or unnecessary force. The defense of self-defense, if established, would have vitiated the resisting arrest charge and would have provided a defense to the assault charge. It follows that failure to give the requested instruction was prejudicial error.

■ Turning to defendant's remaining assignments of error, we conclude that it was error to permit the state to cross-examine defendant on his conviction for failure to perform the duties of a driver involved in an accident which results only in property damage, a traffic infraction. ORS 484.365(3)(b). On cross-examination, defendant was asked if he had ever been convicted of a crime. He mentioned a juvenile conviction for burglary and a reckless driving conviction. (Reckless driving is a class B misdemeanor—ORS 487.550(2).) Defendant stated that he could not remember the date of this latter conviction, and the district attorney—ostensibly to refresh defendant's memory—asked him, "How about a hit and run and failure to perform the duties of a driver on November 13, 1978?"

ORS 484.400 prohibits impeachment of a defendant's character by reference to a traffic infraction.[4] The state contends that the evidence was nevertheless proper on two grounds: 1) that defendant, by

---

[3] The trial judge stated that he refused the instruction because the evidence was that defendant had struck first. This point was in dispute and the trial court was not at liberty to refuse an instruction based on his resolution of a fact question. Even if defendant was the aggressor, the jury might have concluded that defendant had effectively withdrawn from the encounter and that subsequent actions by the officer were unlawful. ORS ORS 161.215(2).

[4]

"A conviction before or after June 27, 1975, of any of the statutory counterparts of offenses designated as traffic infractions in chapter 451, Oregon Laws 1975, shall not be used to impeach the character of a witness in any criminal or civil action or proceeding." ORS 484.400.

testifying that original charges of DUII made in this proceeding had been dismissed, opened the door to cross-examination on his driving record, and 2) that the question was necessary to correct the jury's impression that defendant had been convicted of the crime of reckless driving.

As to the first point, we fail to see any relevance the prior infraction would have to dismissal of the DUII charge in this case (*see* ORS 136.643),[5] or to the remaining charges. The evidence goes simply to impeach defendant's character, and the question was therefore improper. Secondly, it appears to us that, rather than tending to correct a misimpression on the jury's part, the question left the jury with the impression that defendant was convicted of the crime of hit and run. It was never made clear that the hit and run here was an infraction, not a crime. Moreover, the distinction might well have been lost on the jury. Defendant obviously could not be prevented from inadvertently impeaching himself, but the state, however benevolent its intentions, may not resort to improper means to correct the error.

Defendant next contends that the court erred in giving an instruction[6] to the effect that it is not a

---

[5]

"In the trial of or examination upon any indictment, complaint, information or other proceeding before any court, magistrate, jury or other tribunal against a person accused or charged with the commission of a crime, the person so charged or accused shall, at his own request, but not otherwise, be deemed a competent witness, the credit to be given to his testimony being left solely to the jury, under the instructions of the court, or to the discrimination of the magistrate, grand jury or other tribunal before which such testimony is given. His waiver of this right creates no presumption against him. *The defendant or accused, when offering his testimony as a witness in his own behalf, gives the prosecution a right to cross-examination upon all facts to which he has testified and which tend to his conviction or acquittal.*" ORS 136.643. (Emphasis supplied.)

[6] Defendant's requested instruction:

"I instruct you that under the law of this state it is not unlawful in this state to drive a motor vehicle after having consumed intoxicants. It

crime to drive after having imbibed alcohol, but only to drive while under the influence thereof. The evidence was that defendant was initially stopped for speeding and that he appeared to the officer to be under the influence of alcohol. Both defendant and his wife admitted consuming alcohol in moderate quantities that evening but denied being under the influence. Defendant testified that the drunk driving charge had been dismissed. It was possible to infer from the evidence that defendant's belligerent behavior was brought on in part by intoxication.

Defendant argues that giving the instruction was prejudicial in that it called undue attention to defendant's alleged intoxication. The state again argues that the instruction was necessary to dispel from the jury's minds any assumption that "because the defendant had consumed alcoholic beverages and that he had then driven, he was guilty of something." The state further contends that the instruction was proper because there was a disputed issue as to whether defendant was driving or not.

■ The instruction here was unnecessary. "Ordinarily, a trial court should refrain from giving unnecessary instructions, since there are a number of situations in which they can be prejudicial." *State v. Cortman,* 251 Or 566, 573, 446 P2d 681 (1968). Whether, and under what conditions, defendant may have driven on the night in question are irrelevant to any issue in the case. All the events from which the charges against defendant stem occurred after the stop for speeding. That the officer may have at first accused defendant of driving under the influence is immaterial to the resisting arrest charge because defendant would not have been privileged to resist

is only unlawful when the person is under the influence of the intoxicating liquor that he drank. A person does not have to be drunk to be under the influence of an intoxicant. You are under the influence of an intoxicant when the intoxicating liquor has affected someone to a perceptible degree."

even if the officer lacked authority. ORS 161.260. There was a fact dispute as to how inebriated defendant was and evidence thereon lent credence to the officer's story that defendant was belligerent. The question may have been important on the issue of whether defendant was capable of forming the intent charged in the resisting arrest and criminal mischief indictments or whether he was sufficiently cognizant to have knowingly assaulted the officer. Apparently, however, no instructions were requested or given on this point.

In view of the fact that we must remand this case for a new trial for failure to give the self-defense instruction, we need not determine whether the instruction was prejudicial as defendant claims.

■ As to the final assignment of error, the trial court confessed error in instructing the jury on criminal mischief in the third degree when the charge and verdict involved second degree criminal mischief. He felt, however, that the error was harmless because, for purposes of sentencing, the criminal mischief and assault convictions were merged in the resisting arrest charge. Since a new trial has been ordered, we need do no more than remark that we agree that the trial court did err in instructing on the wrong offense.

Reversed and remanded for a new trial.