Argued and submitted January 23, affirmed June 27, 1984

# STATE OF OREGON,
*Respondent,*

*v.*

# LARRY SHERMAN SHAW,
*Appellant.*

(10-82-05813; CA A28827)

684 P2d 7

Helen I. Bloch, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Nessly, Jr., Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

**JOSEPH, C. J.**

Defendant appeals from a conviction for burglary in the first degree. He assigns as error the trial court's refusal to give a requested jury instruction relating to determining whether a witness is an accomplice whose testimony must be corroborated under ORS 136.440. We affirm.

While "cruising" together one summer evening in Eugene, defendant and three companions became more or less involved in a burglary. The companions all testified at defendant's trial. The trial court determined that one companion was an accomplice as a matter of law but left it to the jury to decide the status of the other two.

ORS 136.440 provides:

"(1)   A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission.

"(2)   As used in this section, an 'accomplice' means a witness in a criminal action who, according to the evidence adduced in the action, is criminally liable for the conduct of the defendant under ORS 161.155 and 161.165 * * *."

ORS 161.155 provides:

"A person is criminally liable for the conduct of another person constituting a crime if:

"(1)   He is made criminally liable by the statute defining the crime; or

"(2)   With the intent to promote or facilitate the commission of a crime he:

"(a)   Solicits or commands such other person to commit the crime; or

"(b)   Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crimes; or

"(c)   Having a legal duty to prevent the commission of the crime, fails to make an effort he is legally required to make."

Defendant requested this instruction:

"An individual is an accomplice if he could be charged with the same crime as the defendant. There does not need to be sufficient evidence to convict the individual of the crime, but there must be probable cause beyond mere suspicion to believe that the individual is a party to the crime.

"If you believe that any witnesses are criminally liable for the same criminal episode, and could have been charged with the same crime, then you must find a witness to be an accomplice."

Instead of that instruction, the court gave this instruction:

"I want to go for a moment now to the definition of an aider and abettor, and then a definition of an accomplice.

"First of all, I need to define for you what an aider and abettor is, or, in better words, how a person is criminally liable and under what circumstances can a person be criminally liable for the act of another. And this is statutory. This is legislation written by the Oregon legislature.

"A person is criminally liable for the conduct of another person constituting a crime if, with the intent to promote or facilitate the commission of the crime, he solicits or commands such other person to commit the crime, or aids or abets or agrees or attempts to aid or abet such person in planning or committing the crime. Now, that's how one can be liable for the actions of another.

"What is an accomplice, then, and what are the rules concerning accomplices? An accomplice means a witness in a criminal action who, according to the evidence adduced in the action, is criminally liable for the conduct of the defendant. So you tie accomplice to that definition I gave you before.

"* * * * *

"Now, concerning the issue of accomplice testimony, that is, who is, who is not, or who may be accomplices in this case, I instruct you that as a matter of law Stony Bamford was an accomplice. Whether Larry Gifford or Kerry Eaton were accomplices is an issue of fact that you may need to determine."

A trial court has discretion concerning the form of jury instructions. *State v. Smith,* 18 Or App 39, 42, 523 P2d 1048 (1974). The court is obligated to give jury instructions on all issues arising from the evidence and to present a defendant's theory of the case, if that theory is supportable by the evidence, *State v. Jennings,* 131 Or 455, 282 P 560 (1929); *State v. McWilliams,* 29 Or App 101, 106, 562 P2d 577, *rev den*

279 Or 1 (1977), but is not required to give requested instructions specifically if different instructions adequately cover the same subject. *State v. Leppanen,* 253 Or 51, 452 P2d 172 (1969); *State v. McWilliams, supra,* 29 Or App at 106. The question in this case is whether the instruction that the trial court gave adequately covers the subject proposed in defendant's requested instruction. We conclude that it does.

Defendant relies primarily on *State v. Hull,* 286 Or 511, 595 P2d 1240 (1979), in which the court stated:

"[T]he defendant's burden in demanding corroboration for the testimony of a prosecution witness is that the evidence is legally sufficient to justify an indictment of or information against the witness as an accomplice to the offense charged against the defendant, not necessarily to convict the witness of it. In a jury trial, this requires careful instructions on the factual elements that would suffice to charge the witness with being 'criminally liable for the conduct of the defendant' and hence an accomplice whose testimony requires corroboration. In other words, it places the jury in a position of a grand jury which is asked to decide whether there is probable cause to charge the witness with the offense for which [the] defendant is on trial, whether or not the evidence convinces them that the witness is guilty. If the jury believes there is such probable cause, then they cannot convict the defendant on the testimony of the witness alone, without corroborative evidence." 286 Or at 516.

*Hull* indicates that, in order for a jury to find a witness to be an accomplice, it must be convinced that the witness's conduct involves the factual elements sufficient to *charge* him with defendant's crime. The jury need not be convinced that the witness is *guilty* beyond a reasonable doubt; it merely needs to find by some lesser standard, such as probable cause, that the unexplained or uncontradicted acts of the witness make him chargeable.

A person can be charged with a felony in Oregon in one of two ways. A district attorney can, after a showing of probable cause, charge a person on an information filed in Circuit Court. Or Const, Art VII (amended), § 5. A person can also be charged by grand jury. ORS 132.390 provides:

"The grand jury may find an indictment when all the evidence before it, taken together, is such as in its judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury."

The determination of probable cause involves ascertaining whether certain facts can be said to meet the constitutional standard of probable cause. Characteristically, the law makes that determination a question for the court and not the jury. We are aware of no instances in Oregon where a jury in a criminal case is asked to determine the existence of probable cause.[1] Accordingly, we understand the reference in *Hull* to "probable cause" to charge the witness to refer generally to a quantum of evidence that would allow a jury to conclude that a defendant is chargeable for the crime of the defendant. Because *Hull* expressly instructs that a jury determining accomplice liability should place itself "in a position of a grand jury," we conclude that the applicable standard is found in ORS 132.390. The jury needs to be instructed "on the *factual elements* that would suffice to charge the witness with being 'criminally liable for the conduct of the defendant' * * *." *State v. Hull, supra,* 286 Or at 516. (Emphasis supplied.) Once the jury is apprised of those elements, it must decide on the basis of the evidence implicating a witness whether the unexplained or uncontradicted evidence would "warrant a conviction" if tried by a trial jury.

The instruction given by the trial court in this case incorporated the statutory definition of criminal liability for conduct of another. ORS 161.155.[2] It explained the factual elements necessary to find a witness criminally liable for the conduct of the defendant, thereby making him an accomplice for purposes of ORS 136.440. The instruction did not discuss *any* burden of proof.[3] It merely explained that a witness is an

---

[1] At trial, the court, in part, rejected defendant's proposed instructions because of its apparent concern over the correctness of *Hull.*

"THE COURT: I don't — I don't — if *Hull* says that, *Hull* can't be right. And I'll make an issue of it. Cause the statute says, 'Accomplice means a witness in a criminal action who, according to the evidence adduced in the action, is criminally liable for the conduct of the defendant.' And if the Oregon Supreme Court thinks criminal liability equals being charged, then they have got their heads someplace they don't belong. Period."

The trial court went on to make a record and articulate its specific concerns about *Hull.* Although the trial court's view of *Hull* might be incorrect as a matter of law, its decision to give a jury instruction that concentrated on the factual elements of accomplice liability was more consistent with *Hull* than it might have suspected.

[2] The instruction did not encompass ORS 161.155(2)(c), but that is not an issue in this case.

[3] We disagree with defendant's statement of the question presented in this case: "Is an instruction which requires the jury to find that an accomplice must be convicted

accomplice if, with intent to commit the crime, he encourages another to commit the crime or aids, abets or attempts to aid or abet that other in the commission of the crime. With that definition and the evidence adduced at trial, the jury could decide whether the witnesses were chargeable under the standard stated in ORS 132.390 and therefore accomplices for purposes of ORS 136.440. On the other hand, defendant's requested instruction was insufficient to convey to the jury the scope of its duty. *State v. Delucia,* 40 Or App 711, 713-14, 596 P2d 585 (1979). Accordingly, failure of the trial court to give defendant's requested jury instruction was not error.

Affirmed.

---

of the crime charged before corroboration of his testimony is required error?" Not only is that statement inconsistent with his assignment of error, it is also simply *not* a question presented by the facts of this case.