Argued and submitted May 15, reversed and remanded for new trial
October 30, 1991

STATE OF OREGON,
*Respondent,*

*v.*

ARTHUR LOUIS FREEMAN,
*Appellant.*

(10-89-06330; CA A64503)

820 P2d 37

George W. Kelly, Eugene, argued the cause and filed the supplemental brief for appellant. On the opening brief were Katherine M. Blaser and Kent Anderson, P.C., Eugene.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals his conviction for assault in the second degree. ORS 163.165. He raises three assignments of error. We address only his contention that the trial court erred in denying a requested jury instruction on self-defense.

These facts are undisputed. Johnson, the alleged victim, worked as a "bouncer" at several Eugene area bars and restaurants. On at least one occasion, Johnson had removed defendant from a local establishment. On the evening of July 22, 1989, Johnson and some friends were in a Eugene restaurant, when Johnson encountered defendant and they argued.

The other facts are disputed. The state's witnesses testified that, during the argument, defendant stuck out his hand toward Johnson, who felt pressure on his abdomen and discovered that he was bleeding. He then attempted to break a bottle and pushed a table against defendant. Later, Johnson struck defendant with a tire iron. After the incident, defendant was seen in possession of an item described as a "box cutter." Defendant did not testify. However, his brother testified that the encounter began when Johnson pushed defendant and attempted to break a bottle. At no time during the encounter did defendant's brother see defendant with a knife. In the restaurant parking lot, defendant's brother saw Johnson strike defendant with a tire iron. Subsequently, Johnson said, "I've been cut."

Defendant contends that the trial court erred in denying his requested jury instruction on self-defense.[1] The trial

---

[1] Defendant requested this jury instruction:

"The defense of self-defense has been raised.

"A person is justified in using physical force upon another person to defend himself from what he reasonably believes to be the use or imminent use of unlawful force. In defending, a person may only use that degree of force which he reasonably believes is necessary.

"The burden of proof is on the prosecution to prove beyond a reasonable doubt that Defendant did not act in self-defense.

"There are certain limitations upon the use of deadly physical force. The Defendant is not justified in using deadly force upon another person unless he reasonably believed that the other person was

"(1) committing or attempting to commit a felony involving the use of threatened imminent use of physical force against a person; or

court must give a party's requested instruction if there is evidence to support it, and it correctly states the law. *State v. Castle,* 48 Or App 15, 19, 616 P2d 510 (1980). The state argues that there is no evidence to support defendant's requested instruction and that, in any event, the instruction was incomplete, because it failed to include certain statutory limitations on the claim of self-defense.

The jury could infer from the defense evidence that Johnson was the initial aggressor and that, if defendant did stab Johnson, it was only in response to Johnson's assault. If believed by the jury, that was sufficient to support defendant's self-defense theory.[2]

■     The state concedes that, "as far as [it] went," defendant's requested instruction accurately stated the law of self-defense. However, it maintains that a complete statement of the law must include the statutory limitations in ORS 161.215.[3] The limitations prohibit a self-defense claim when the defendant has provoked the victim's assault, when the defendant was the initial aggressor or when the defendant was engaged in mutually agreed, though unlawful, combat.

■     Once a claim of self-defense is raised, the state has the burden of disproving it beyond a reasonable doubt. ORS

---

"(2) Using or about to use unlawful deadly physical force against the Defendant."

[2] ORS 161.209 provides:

"Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person for self-defense or to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and that person may use a degree of force which the person reasonably believes to be necessary for the purpose."

[3] ORS 161.215 provides:

"Notwithstanding ORS 161.209, a person is not justified in using physical force upon another if:

"(1) With intent to cause physical injury or death to another person, the person provokes the use of unlawful force by that person; or

"(2) The person is the initial aggressor, except that the use of physical force upon another person under such circumstances is justifiable if the person withdraws from the encounter and effectively communicates to the other person the intent to do so, but the latter nevertheless continues or threatens to continue the use of unlawful physical force; or

"(3) The physical force involved is the product of a combat by agreement not specifically authorized by law."

161.055 (1)[4]; *see State v. George,* 72 Or App 135, 138 n 3, 694 P2d 1011 (1985). One means of disproving self-defense is to prove that one or more of the limitations in ORS 161.215 is present. Obviously, the applicability of the limitations depends on the facts of each case. A defendant has no burden to disprove the limitations and, consequently, no burden to submit instructions on them.

It was defendant's theory that Johnson was the initial aggressor and that he acted only in response to Johnson's conduct. Under that theory of the case, none of the limitations in ORS 161.215 was relevant. Accordingly, his requested instruction was a correct and complete statement of the law. If the state contended that there was evidence proving one or more of the limitations in ORS 161.215, it was obliged to request an instruction conveying that theory to the jury. It did not. The trial court erred in refusing to give defendant's requested instruction.

Reversed and remanded for a new trial.

---

[4] ORS 161.055(1) provides:

"When a defense other than an affirmative defense, as defined in subsection (2) of this section, is raised at trial, the state has the burden of disproving the defense beyond a reasonable doubt."

Self-defense is an "ordinary defense" and not an ORS 161.055(2) affirmative defense. The state must, therefore, disprove it beyond a reasonable doubt. Commentary, *Proposed Oregon Criminal Code - Final Draft and Report,* § 4 (July, 1970).