Argued and submitted April 1, affirmed December 11, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# ALVIN DEAN SHELLEY,
*Appellant.*

# (89-CR-0110; CA A64324)

821 P2d 1111

Lee S. Werdell, Medford, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## DEITS, J.

Defendant appeals his conviction for aggravated theft. ORS 164.057. He assigns as error the trial court's refusal to give his requested jury instructions, to grant a mistrial and to require the prosecutor to testify. We affirm.

The evidence at trial showed that, in January, 1987, defendant asked his long-time friend, DuBois, to help him stage a burglary of defendant's home in order to collect insurance proceeds. DuBois refused. As a witness for the state, DuBois testified that in early February, defendant again contacted him and asked him to install dead-bolt locks on the doors to his house for "insurance purposes" and for defendant's wife, because she had received a number of anonymous telephone calls and was frightened by them. He agreed and installed the locks. Defendant's home was purportedly burglarized a few days later. DuBois also testified that defendant later confided in him about problems that he was having because of the burglary and again asked for his help. DuBois said that defendant offered to show him a "grand jury report" about the matter. DuBois declined to look at the "report" and again refused to help him.

Defendant first assigns as error the trial court's failure to give defendant's requested jury instructions on accomplice testimony.[1] He argues that, because DuBois knew

---

[1] Defendant requested this instruction:

"(1) Accomplice Testimony (View with Distrust)

"If you determine that a witness was an accomplice witness, then you should view that accomplice witness's testimony with distrust.

"(2) Accomplice Witness — Definition

"A witness is an accomplice witness if he could be charged with the same crime as that with which the defendant is charged. Therefore, under the circumstances of this case, Jerry Dubois [sic] is an accomplice witness if he could be charged with either:

"(1) Committing the crime of Theft, alleged to have been committed on or about February 8, 1987; or

"(2) Aiding or abetting another person in committing that crime.

"To determine if Jerry Dubois [sic] could be charged with this crime, you must decide, based on the evidence received at this trial, whether Jerry Dubois [sic] either committed that crime or aided or abetted another person committing the crime."

"(3) Defendant's Requested Instruction

"My instructions to you regarding accomplice testimony are not meant to

that defendant needed the dead-bolt locks installed in order to collect an insurance claim, it must be concluded as a matter of law that he intended to assist defendant with the false insurance claim that is the basis of the theft charge or, in the alternative, that there was sufficient evidence for the jury to find that DuBois was an accomplice.

When a defendant asserts a defense to a charge, he is entitled to have his theory of the case presented to the jury, if there is any evidence from which the jurors could infer that the required elements of the defense are present. The trial court has no discretion to refuse to give a proper instruction. *State v. Smith*, 107 Or App 647, 651, 813 P2d 1086 (1991). Here, defendant does not claim that the trial court denied him an opportunity to present a defense. He asserts only that the trial court erred in failing to instruct the jury properly on an evidentiary issue, namely, whether DuBois was an accomplice. We will not disturb a trial court's refusal to give a requested jury instruction on an issue such as this, except for an abuse of discretion. *State v. Romel*, 57 Or App 372, 377, 644 P2d 643, *rev den* 293 Or 394 (1982).

An accomplice is one who can be charged with the same offense as the defendant. *State v. Hull*, 286 Or 511, 516, 595 P2d 1240 (1979). Though not a direct participant in a crime, a person may still be found criminally liable for the conduct of another if:

"(2) With the intent to promote or facilitate the commission of the crime the person:

"* * * * *

' (b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime * * *." ORS 161.155.

The facts do not support defendant's contention that DuBois installed the dead-bolt locks with the intent to assist defendant in collecting on a fraudulent insurance claim. DuBois knew that defendant had earlier wanted to fake a burglary.

---

imply that a crime has or has not been committed by either the defendant or Jerry Dubois, [*sic*] or both, for those are determinations that only you can make. Rather, these instructions are given for the purpose of warning you of the danger that one criminal may try to shift the blame for his misdeed onto another person. *State v. Simpson*, 308 Or 102 at 110 (1989)."

However, there was no evidence that when he installed the dead-bolt locks at a later date, he did it as part of that criminal plan. The trial court did not abuse its discretion in refusing to instruct the jury on accomplice testimony.

■ Defendant next assigns error to the trial court's failure to grant a mistrial at the conclusion of the state's case. Defendant complains that both the trial court and the prosecutor made improper "comments" in front of the jury regarding defendant's failure to testify on his own behalf. Because defendant did not object to the statements when they were made and we find no error apparent on the face of the record, we will not address this assignment of error.

■ In defendant's final assignment, he contends that, under OEC 401, the trial court should have allowed him to present the testimony of the prosecutor to prove that "grand jury reports" do not exist. Defendant asserts that that evidence would cast doubt on DuBois' testimony that defendant told him that he had a grand jury report and, consequently, it would impeach DuBois' credibility. We conclude that the trial court did not abuse its discretion in excluding the evidence. Whether there was a grand jury report has little or no relevance to DuBois' credibility and, even if it did, defendant could have established the nonexistence of the report by other means.

Affirmed.