Argued and submitted September 30, reversed and remanded for new trial
November 18, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID MICHAEL BOLDT,
*Appellant.*

## (911509; CA A71868)

841 P2d 1196

David C. Degner, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals his conviction for failing to appear. ORS 162.205. He argues that the trial court erred when it refused to give his requested jury instructions on the defenses of choice of evils[1] and duress.[2] We reverse.

After being charged with delivery of a controlled substance, defendant was released on the condition that he appear in court on May 21, 1991. When he appeared on that day, he was ordered to appear again on June 14, 1991, which he failed to do. At his trial on the failure to appear charge, defendant testified that he did not appear because, during the first week in June, he had been kidnapped by two men who took him to Portland, put him on a train and warned him not to appear in court:

"Q. [W]hy didn't you appear in court?

"A. I had every intention of fulfilling my obligation but I was threatened. I was paid a visit by a couple of people and told that if I didn't leave town some bad things were going to happen to me because of these other charges.

"Q. Were they specific about what the bad things would be?

"A. They were going to break my legs to start with.

"Q. All right. Did they indicate that it would end there?

"A. No.

"Q. What did they go on to threaten?

---

[1] ORS 161.200 provides:

"(1) Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a) That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b) The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue."

[2] ORS 161.270 provides:

"(1) The commission of acts which would otherwise constitute an offense, other than murder, is not criminal if the actor engaged in the proscribed conduct because the actor was coerced to do so by the use or threatened use of unlawful physical force upon the actor or a third person, which force or threatened force was of such nature or degree to overcome earnest resistance."

"A.  They just said it could all happen to you.

"* * * * *

"Q.  What did 'it could all happen' mean?

"A.  I took it to mean possibly murder.

"* * * * *

"Q.  [B]ack to the time that you were threatened, what was your feeling at that point in time? What was going through your head?

"A.  When I was first accosted by these two men that came down to the boat dock, I was afraid that they were going to kill me. They told me first they was going to break my legs if I showed up for court to this thing, to testify against these people and that other things could happen. They said, 'Get your coat. We're leaving. We're gone.'

"I was scared. I'm still scared."

■■  We evaluate the evidence in the light most favorable to the party seeking the instructions. *State v. Brown*, 306 Or 599, 607, 761 P2d 1300 (1988). Whether the evidence entitles a defendant to a jury instruction on a defense is governed by the statutory requirements for establishing the defense. "If there is any evidence in the record from which the jury could infer the required elements of the [defense], the issue should be submitted to them." *State v. Matthews*, 30 Or App 1133, 1136, 569 P2d 662 (1977).

■  To establish the choice of evils defense under ORS 161.200, defendant had to offer evidence that would be sufficient for the jury to find that: (1) his conduct was necessary to avoid a threatened injury; (2) the threatened injury was imminent; and (3) it was reasonable for him to believe that the need to avoid that injury was greater than the need to avoid the injury that ORS 162.205, the statute that he was found to have violated, seeks to prevent. In order to constitute duress under ORS 161.270, the danger must be "present, imminent, and impending." *State v. Fitzgerald*, 14 Or App 361, 513 P2d 817 (1973). The state argues that no jury could find that the elements for these defenses had been met, because the evidence fails to show that the threatened injury was imminent at the time defendant failed to appear.

■■  In order for a threatened injury to be "imminent" under either ORS 161.200 or ORS 161.270, the threat must

exist at the time of the commission of the charged offense. *State v. Jackson*, 33 Or App 139, 575 P2d 1001, *rev den* 283 Or 99 (1978), *cert den* 440 US 971 (1979). In *State v. Whisman*, 33 Or App 147, 575 P2d 1005 (1978), we held that the defendant's explanation that he escaped from his probation officer because of a possibility of being returned to a county jail where he had previously been abused did not justify an instruction on the choice of evils defense to the charge of escape. In *State v. Fitzgerald, supra*, 14 Or App at 361, we held that a vague threat of future injury was insufficient to justify a duress instruction, due to the lack of imminency. In that case, the defendant explained that he had helped in an escape attempt because "Cooley [a co-defendant] said that he had friends on the outside that could take care of me." 14 Or App at 371.

■ In this case, the jury could infer that defendant was under a continuing threat that, if he appeared in court on June 14, his legs would be broken or he would be murdered. Unlike in *State v. Fitzgerald, supra*, and in *State v. Whisman, supra*, the threat of injury, if there was one, existed on the day that defendant was scheduled to appear and was conditioned on what he might do on that date. Under those circumstances, we hold that the threat about which defendant testified was "imminent" within the meaning of ORS 161.200 and ORS 161.270. It was for the jury to determine the weight of the evidence, including whether defendant reasonably believed that the threat would be carried out if he appeared. *See State v. Brown, supra*, 306 Or at 606-07. The court erred when it failed to give defendant's requested jury instructions.

Reversed and remanded for a new trial.