Submitted on record and briefs July 31, reversed and remanded for new trial
December 2, 1992

# STATE OF OREGON,
## *Respondent,*

*v.*

# JAMISON L. A. DAVIS,
## *Appellant.*

## (91-1046; CA A71137)

842 P2d 463

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant was convicted of conspiracy to commit murder, ORS 161.450; ORS 163.115, conspiracy to commit theft in the first degree, ORS 161.450; ORS 164.055, conspiracy to commit possession of a controlled substance, ORS 161.450; ORS 475.992, and two counts of unlawful possession of a short-barreled firearm. ORS 166.272. He argues that the court erred in instructing the jury on the defense of renunciation. We reverse and remand.

The charges arose from the incident detailed in *State v. Evans*, 113 Or App 210, 832 P2d 460 (1992). Defendant and his co-conspirators plotted the murder of an undercover police officer, who the conspirators believed to be a cocaine dealer. The officer was to be taken to an isolated site for a drug transaction and then shot and buried. Defendant presented evidence, including his own testimony, that he had abandoned the criminal objectives and had started to the site of the proposed killing with the purpose of fleeing at the first opportunity. Defendant argues that the court's instruction on the defense of renunciation was prejudicial to his defense:

> "Members of the jury, the defendant has raised the affirmative defense of renunciation to the three conspiracy charges. To establish this defense, the defendant must prove by a preponderance of the evidence the following: First, the defendant avoided the commission of the crime of conspiracy to commit murder, conspiracy to commit theft, or conspiracy to commit possession of a controlled substance by abandoning the attempt to commit that crime. And if necessary, did everything that he could have done to prevent the commission of the crime.
>
> "Second, the defendant's abandonment was under circumstances manifesting a voluntary and complete renunciation of the defendant's criminal intent."

The instruction is the uniform instruction on the defense of renunciation to a charge of *attempt*, UCrJI No. 1118, rather than the instruction on renunciation, UCrJI No. 1119. UCrJI No. 1118 designates "conspiracy" as the crime allegedly renounced. The appropriate instruction reads:

> "The affirmative defense of renunciation has been raised. The defendant is not guilty of the crime of conspiracy if, after

conspiring to commit a crime, [he/she] (1) Prevented commission of the crime; and (2) Did so under circumstances manifesting a complete and voluntary renunciation of [his/her] criminal purpose. * * *. The burden of proof is on the defendant to prove this affirmative defense by a preponderance of the evidence."[1]

Defendant contends that the result of the instruction that was given is that the jury was confronted with a "logical impossibility." It required that defendant prove that he had thwarted the *agreement* itself, rather than the criminal conduct that was the object of the agreement. He argues that the instruction vitiated his defense, because he had conceded in his testimony that an agreement had been reached.

■ A defendant is entitled to have the jury correctly instructed on his theory of the case if there is evidence to support the theory. *State v. McBride*, 287 Or 315, 599 P2d 449 (1979); *State v. Boldt*, 116 Or App 480, 841 P2d 1196 (1992). The state does not dispute that there was a sufficient factual predicate to warrant an instruction on renunciation. *State v. Lammers*, 29 Or App 207, 562 P2d 1223 (1977). It argues that, although it might have been preferable for the court to instruct the jury in the language of the uniform instruction on the defense of renunciation, the instruction given was, nonetheless, not misleading. It contends that, in the context of defendant's own testimony, the jury would have understood that the crime that defendant would have to have abandoned was the substantive offense, not the conspiracy.

■ The correct instruction would have directed the jury to consider whether or not defendant, *after* conspiring, thwarted or prevented the commission of the crime that had been the object of the conspiracy. The court's instruction did not tell the jury to consider whether defendant had abandoned the substantive crime. Rather, it directed the jury to consider only whether defendant had avoided committing the

---

[1] The instruction mirrors the statutory defense of renunciation. ORS 161.460(1) provides, in part:

"It is a defense to a charge of conspiracy that the actor, *after* conspiring to commit a crime, thwarted commission *of the crime which was the object of the conspiracy,* under circumstances manifesting a complete and voluntary renunciation of the criminal purpose of the actor." (Emphasis supplied.)

crime of conspiracy. However, defendant had conceded that he had agreed to commit a crime. The jury is presumed to have followed the instructions given, *State v. Smith*, 310 Or 1, 26, 791 P2d 836 (1990), and defendant is correct that, by following the instruction, the jury could not consider the defense that he actually presented. The error was not harmless.

Because of the disposition of the first assignment of error, we need not reach defendant's second assignment.

Reversed and remanded for a new trial.