Argued and submitted May 27, reversed and remanded for new trial
September 28, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# SCOTT SHERWOOD LOEW,
*Appellant.*

(92CR2458; CA A78947)

881 P2d 837

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant appeals his conviction for assault in the fourth degree. ORS 163.160. He assigns error to the trial court's refusal to give his requested jury instruction on justifiable "defense of premises." ORS 161.225. We reverse.

■ We view the facts in the light most favorable to defendant to determine whether there was evidence to support the requested instructions. *See State v. Taylor*, 123 Or App 343, 348, 858 P2d 1358 (1993). On the evening of October 19, 1992, defendant had turned up the volume on the stereo in his friend's apartment. John Wilson, who resided in the apartment directly above, was preparing to go to bed. Wilson went downstairs and asked defendant to turn down the volume. Defendant did so. A few minutes later, however, the volume increased to its previous level. According to defendant, Wilson returned and kicked the door. Defendant testified that as he opened the door, Wilson pushed his way in and swung his fist at defendant, grazing the side of defendant's head. Defendant then shoved Wilson out of the door. Wilson stumbled backwards, tripped over the doorway seam, headed down the porch steps and fell at the bottom.

Defendant followed Wilson out to the street and stood in front of him, pleading with Wilson not to call the landlord or the police about the noise. Wilson nudged defendant with his shoulder while trying to get past him, and defendant struck Wilson in the face with his fist.

A grand jury indicted defendant for harassment and assault in the second degree. ORS 166.065; ORS 163.175. The trial court granted the state's subsequent motion to dismiss the harassment charge. Defendant declared during his opening statement that his defense would be based on his contention that Wilson struck the first blow and that thereafter defendant was "defending himself and defending the premises that he was occupying."

At the close of the state's case-in-chief, defendant moved for a judgment of acquittal, on the ground that the state had failed to prove that the victim suffered serious physical injury, which is an element of assault in the second degree. The trial court ruled, without objection, that the trial

would proceed on the lesser included offense of assault in the fourth degree.

At the close of all of the evidence, defendant requested uniform jury instructions on defense of self and defense of premises. The trial court gave defendant's requested instruction on self defense, but ruled that the evidence did not support the requested instruction on defense of premises. The jury found defendant guilty of assault in the fourth degree, and judgment was entered on the verdict.

Defendant contends that the trial court erred by refusing to give his requested instruction on defense of premises. He testified that the second time Wilson came to complain about the volume of the stereo, Wilson "forced his way inside and then swung at me, just grazing me." Defendant contends that the evidence established two colorable assaults: one when defendant pushed Wilson down the stairs after the confrontation at the apartment; the other, when defendant hit Wilson in the face during the encounter in the street. He maintains that, because the jury might have convicted him based on the incident at defendant's apartment, and because defense of premises might have justified his actions in that incident, he was entitled to the requested instruction. The state maintains that "any defense of premises had been completed prior to the assault in the street."

■ We have held that "[a] party is entitled to have the jury instructed on the law which supports his theory of the case where there is evidence to support that theory and the party submits an instruction that correctly states the law." *State v. Castle*, 48 Or App 15, 19, 616 P2d 510 (1980). Defendant's testimony, if believed, was evidence that Wilson entered his apartment and that defendant acted both in self defense and in defense of premises in that encounter. The charging instrument does not specify which encounter—the one at the apartment or the one in the street—formed the basis for the indictment. Because the jury could have convicted defendant based on the encounter at the apartment, it was error to fail to instruct the jury on defense of premises.

Reversed and remanded for a new trial.