Argued and submitted August 31, affirmed December 21, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## GLORIA JEAN HARPER,
*Appellant.*

(93-10109; CA A80398)

888 P2d 19

John Henry Hingson III argued the cause and filed the brief for appellant.

Kaye Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ted Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

De Muniz, J., concurring.

## ROSSMAN, P. J.

Defendant was convicted of reckless driving, recklessly endangering another person and second degree criminal mischief. ORS 811.140; ORS 163.195; ORS 164.354. All three crimes require a *mens rea* of recklessness. The issue is whether the trial court erred in refusing to give defendant's requested jury instructions on negligence. We hold that it did not, and affirm.

While driving on Interstate 5 at a speed that exceeded the limit, defendant attempted to pass another vehicle by traveling in the fog lane on the right. Her car hit the rear passenger side of the vehicle, spun, hit a second car and came to rest in the median strip. At trial, defendant argued, *inter alia*, that her conduct might have constituted negligence, but not recklessness.

The jury was instructed on the elements of the charged crimes and the definition of recklessness.[1] Defendant requested instructions that defined the concepts of civil negligence, carelessness and criminal negligence, and that informed the jury that it must acquit defendant if it found that her conduct was negligent or careless, but not reckless. The trial court refused to give the requested instructions. Defendant moved for a new trial and the motion was denied. On appeal, defendant argues that, because her theory of the case was that she acted negligently, and there was evidence to support that theory, the trial court was required to give the requested instructions. *See State v. Matthews*, 30 Or App 1133, 1135, 569 P2d 662 (1977).

■■ Defendant's argument fails for two reasons. First, it rests on a misunderstanding of the phrase "theory of the case." A criminal defendant's "theory of the case" contains more than the simple argument that the state has failed to

---

[1] The recklessness instruction, UCrJI No. 1033, provides:

"A person acts recklessly if that person is aware of and consciously disregards a substantial and unjustifiable risk either:

"(1) That a particular result will occur; or

"(2) That a particular circumstance exists.

"The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

meet its burden of proving beyond a reasonable doubt the elements of the charged crime. The Oregon appellate courts have on numerous occasions employed the phrase and have applied the corresponding rule that a criminal defendant is entitled to a jury instruction thereon. In each instance, however, the word "theory" has referred to *affirmative defenses* or *lesser included offenses* that are supported by the evidence. *See, e.g., State v. Newlin*, 92 Or 589, 594, 182 P 133 (1919) ("theory of the case" rule applies to conspiracy and entrapment defenses); *State v. Loew*, 130 Or App 370, 373, 881 P2d 837 (1994) (self defense and defense of premises theories); *State v. Davis*, 116 Or App 654, 657, 842 P2d 463 (1992) (renunciation of conspiracy); *State v. Boldt*, 116 Or App 480, 483, 841 P2d 1196 (1992) (choice of evils); *State v. Freeman*, 109 Or App 472, 475, 820 P2d 37 (1991) (self defense); *State v. Matthews, supra*, 30 Or App at 1135 (necessity); *State v. Suggs*, 13 Or App 484, 491, 511 P2d 405 (1973) (lesser included offense); *see also State v. Brown*, 306 Or 599, 604-05, 761 P2d 1300 (1988) (citing "theory of the case" rule and holding that an affirmative defense may be withdrawn from jury's consideration only if there is no evidence to support an element of the defense); *State v. Shelley*, 110 Or App 225, 228, 821 P2d 1111 (1991) ("theory of the case" rule relates to requirement that defendant be given the opportunity to present a *defense*); *State v. Smith*, 107 Or App 647, 651, 813 P2d 1086 (1991) (Defendant "is entitled to have his theory of the case presented to the jury, if there is any evidence from which jurors could infer that the required elements of the defense were present and if he has submitted an instruction that correctly states the law."); *State v. Peterson*, 70 Or App 333, 339, 689 P2d 985 (1984) (distinguishing between affirmative defenses and the "defense" that the state has not proven the intent element of the charged crime). Here, the jury was not asked to decide whether defendant was guilty of any lesser included crime and defendant did not assert any affirmative defense to the charges. Defendant's argument that she acted negligently was not a "theory" on which she was entitled to an instruction.

■ Furthermore, after correctly instructing the jury on the elements that the state must establish beyond a reasonable doubt, the trial court was not required to also provide negative or "converse" instructions regarding defendant's

view that those elements were not established. *State v. Nefstad*, 309 Or 523, 549, 789 P2d 1326 (1990); *cf. Hall v. The May Dept. Stores*, 292 Or 131, 143-44, 637 P2d 126 (1981); *see also State v. Williams*, 313 Or 19, 33-34, 828 P2d 1006, *cert den* ___ US ___, 113 S Ct 171, 121 L Ed 2d 118 (1992). When a criminal defendant takes the position that the state has not met its burden, that "defense" is automatically conveyed to the jury by the trial court's standard instructions regarding what the state must prove. For example, when the jury is instructed that it must be persuaded beyond a reasonable doubt as to the existence of each element of the crime charged, that instruction also informs the jury that it must acquit if it finds that defendant did not act with the requisite *mens rea*, as defendant in this case argued. A court "is not required to give requested instructions * * * if different instructions adequately cover the same subject." *State v. Shaw*, 68 Or App 693, 697, 684 P2d 7 (1984).

■ ■ Defendant also contends that, "in order to aid the jury in understanding what the term 'recklessness' means," the trial court should have provided a definition of negligence, apparently for contrast. That argument is without merit. To instruct the jury on a culpable mental state, a court need not provide definitions of other, *exculpatory* mental states. Although a jury may benefit from additional, explanatory instructions, the inquiry on appeal is whether the instruction that was given misled the jury to believe that it could convict defendant on a lesser degree of proof than is required. *See State v. Castrejon*, 317 Or 202, 206-07, 856 P2d 616 (1993). The instruction in this case cannot be said to have misled the jury.

In sum, the only question for the jury to decide regarding defendant's mental state was whether she acted recklessly. The court instructed the jury on the definition of recklessness. Accordingly, we hold that the court did not err in refusing to provide an instruction on negligence or carelessness.

Affirmed.

**De MUNIZ, J.,** concurring.

While I concur in the majority's result, I do not agree with its characterization of defendant's requested instruc-

tions as the "converse" of the ones given. The requested instructions sought to do the same as instructions regarding lesser included offenses when there is a question of *mens rea*. Those instructions explain differences in mental culpability. As the majority recognizes, lesser included offenses constitute a "theory of the case." There is no dispute that, if defendant's instructions were for lesser included offenses, she would have been entitled to have them given, if there was evidence to support them.

Nonetheless, the analogy here to instructions for lesser included offenses does not mean that defendant had a right to have the instructions given. That right is grounded in statute, *State v. Washington*, 273 Or 829, 543 P2d 1058 (1975), and is restricted to circumstances when the offenses are included either under the statutory definition or under the indictment:

> "[T]here are other reasons for retaining the restrictions on the defendant's right to request lesser included offense instructions. The first, of course, is that in this state the statutes [ORS 136.460 and ORS 136.465] seem to preclude instructions which do not have a basis either in the statutory framework or in the indictment itself. Second, we feel that, even in the absence of those statutes, the interests of judicial administration would require the continuance of the present limitations on the defendant's right to lesser included offense instructions. If defendant's approach were to be adopted, we believe that trial courts would be receiving requests for instructions limited only by the imagination and ingenuity of the defendant. Requests for such instructions would act only to further complicate the jury's decision-making process. * * * [They] would not only needlessly prolong the court's instructions, but would also add to the number of issues which the jury would be required to consider—thereby substantially increasing the possibility for jury confusion and compromise verdicts." 273 Or at 839. (Footnote omitted.)

Under that rationale, I conclude that defendant's instructions did not present a "theory of the case" that the trial court was required to give.

Here, there were no lesser included offenses having as culpable mental states criminal negligence, carelessness or

civil negligence. Thus, insofar as mental culpability was concerned, only the question of recklessness was before the jury. The effect of defendant's requested instructions would have been to interject issues that the jury would have had to consider, but which were not included in the indictment or statutes.