**Richard W. SANDERS, Petitioner—Appellant,**

v.

**Dave COOK, Director, of Oregon State Department of Corrections; Diane Middle; Elyse Clawson, Director Adult Community Justice; Hardy Myers, Attorney General for the State of Oregon, Respondents—Appellees.**

No. 02–35920.

D.C. No. CV–97–00611–AS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2004.

Decided May 19, 2004.

Christine Stebbins Dahl, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Kathleen Cegla, Office of the Attorney General, Salem, OR, for Respondents–Appellees.

Before REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Petitioner Richard Sanders appeals from the district court's denial of his petition for writ of habeas corpus. Sanders was convicted in Oregon state court of the crimes of Felon in Possession of a Firearm and Unlawful Discharge of a Firearm. He claims that he received ineffective assistance of counsel because his trial attorney,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Peter Parnickis, failed to interview or call as a witness Velma Smith, the only non-party eyewitness to the alleged crimes. We apply AEDPA's deferential standard of review, under which we may grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts," 28 U.S.C. § 2254(d). We affirm in part and reverse in part.

■ 1. With respect to Sanders' conviction for Unlawful Discharge, we conclude that the state court's application of clearly established federal law was "objectively unreasonable." *See Lockyer v. Andrade,* 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The alleged unlawful discharge took place shortly after a dispute between Sanders and his son, Keith Piotter. Velma Smith was the only person present, besides Sanders, when the weapon discharged. Her testimony at the post-trial evidentiary hearing corroborated Sanders' defense—that the weapon discharged accidentally as Sanders was attempting to unload it in order to prevent Piotter, who had left the apartment in which the dispute had occurred, from using it later. But Parnickis never contacted Smith; he assumed, based on a vaguely worded, and possibly inaccurate, police report, that her testimony "would not have helped the defense." The state court found that Parnickis's failure to interview Smith was unreasonable under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Yet, despite the fact that Smith would have provided the only testimony corroborating Sanders' version of the events, the state court found that the failure to interview or call her was not prejudicial because her testimony, giv-

en at the post-trial evidentiary hearing, "was not credible."

To establish prejudice, "a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 2542, 156 L.Ed.2d 471 (2003) (internal quotation marks omitted) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). In this case, the jury returned a 10–2 verdict on the Unlawful Discharge count—2 being the maximum number of not-guilty votes permitted by Oregon law when a jury returns a guilty verdict. *See generally Apodaca v. Oregon,* 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). Thus, to obtain habeas relief, Sanders needed to show only a "reasonable probability that at least one juror would have struck a different balance" had the excluded witness testified at his trial. *See Wiggins,* 123 S.Ct. at 2543.

■ Given the standard reiterated in *Wiggins,* it is not the state judge's role to determine at the post-conviction stage whether an eye-witness is credible to the judge. Rather, the judge may in appropriate circumstances consider whether there is a reasonable probability that a *reasonable juror* might find that witness credible. Thus, the state court erred with respect to the basis for its prejudice determination.

Equally important, the record makes it clear that there *is* a reasonable probability that, had Smith been allowed to testify at trial, one additional juror might have voted in favor of a not-guilty verdict. It is true that Smith's credibility may have been placed in doubt by the fact that her post-trial testimony conflicted with the story she allegedly told the police. But that alone was not sufficient to support the

conclusion that no reasonable juror would have credited her testimony. We have recently explained that "the various pieces of evidence and testimony in the record must be considered in light of all the others. Testimony may seem implausible standing alone, yet gain considerable force when confirmed in a material respect by an independent source." *Taylor v. Maddox*, 366 F.3d 992 (9th Cir.2004). This is especially the case when the credibility of all the relevant witnesses is compromised because they told conflicting stories. Indeed, "[t]his was a cast of characters and witnesses of such a nature that corroboration most certainly would have been of critical value to the jury, even from an associate who originally told a different story to the police." *Riley v. Payne*, 352 F.3d 1313, 1324 (9th Cir.2003). In a case in which the determinative question was whether the defendant intended to discharge the weapon, and where only the testimony of the eyewitnesses was capable of providing direct evidence as to how the discharge occurred, it was objectively unreasonable for the state court to apply *Strickland* in a manner so as to find the failure to interview and call the sole eyewitness not prejudicial.

■ 2. With respect to the Felon in Possession charge, we conclude that the absence of Smith's testimony was not prejudicial. Smith testified that Sanders was unloading the shotgun shortly *after* Piotter had left the apartment. To support a conviction under Oregon law, the prosecution need show only that Sanders possessed the weapon, not that he possessed it with malicious intent. Parnickis conceded that Sanders' conduct met the requisite elements of the offense in closing argument. Sanders, however, contends that Smith's testimony would have supported his request for a "choice of evils" defense instruction, an instruction which the trial court denied for failure to adduce sufficient supporting evidence. In order to receive the instruction, Sanders was required to offer evidence sufficient to allow a jury to find that his conduct was necessary to avoid an imminent threatened injury and that it was reasonable for him to believe that the need to avoid the injury outweighed the need to avoid the crime he was about to commit. *See State v. Boldt*, 116 Or.App. 480, 841 P.2d 1196, 1197 (1992).

Smith's testimony would not have helped Sanders establish the requisite elements of the choice of evils defense. She claimed that Sanders decided to unload the weapon after Piotter had left the apartment. She did not offer any testimony suggesting that Piotter posed an imminent threat of injury. In short, we find insufficient support in the record to justify a conclusion that the absence of Smith's testimony was prejudicial on this count. We therefore affirm the decision of the district court with respect to the Felon in Possession conviction.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

REINHARDT, Circuit Judge, concurring in part, dissenting in part.

I concur in my colleagues' decision to grant Sanders' habeas petition with respect to his conviction for Unlawful Discharge. I differ, however, as to the validity of his conviction of Felon in Possession of a Firearm.

My colleagues properly state the legal standard for determining prejudice: so long as there is a reasonable probability that the outcome would have been different, the petitioner has established prejudice under clearly established federal law. We differ on the application of that standard to Sanders' Felon in Possession Conviction. Namely, it seems implausible to

me that the jury would have convicted Sanders on the Felon in Possession count had it credited Smith's testimony and chosen not to convict on the Unlawful Discharge count.

Had the jury credited Smith's testimony, it would have had reason to believe that Piotter instigated the fight with Sanders. It also would have had before it independent evidence supporting Sanders' assertion that Piotter left the apartment in possession of a razor blade which he had drawn and threatened to use during the course of the fight. Assuming that the jury might have believed that Sanders picked up and unloaded the shotgun in order to prevent Piotter from returning to use it, there may well have been sufficient evidence to support a choice of evils instruction.[1] But even if such an instruction had not been given, I believe it to be at least reasonably probable that three (or more) members of the jury simply would not have been willing to convict Sanders had they believed that the only reason he picked up the gun was to avoid a greater harm. Because there is a reasonable probability that the jury would have reached a different conclusion had Smith testified, I would grant Sanders' habeas petition on both counts.

**1.** In fact, Sanders' own testimony may have been enough in itself, but that issue is not

properly before us.