Submitted March 28; conviction for harassment reversed and remanded, remanded for resentencing, otherwise affirmed April 27, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYLER DOUGLAS MINTON,
*Defendant-Appellant.*

Umatilla County Circuit Court
20CR06443; A174483

509 P3d 759

Daniel J. Hill, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel C. Duran, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and, E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Conviction for harassment reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals his convictions, based on unanimous jury verdicts, for interference with making a report, ORS 165.572; harassment, ORS 166.065; and third-degree criminal mischief, ORS 164.345. He raises three assignments of error on appeal. As explained below, he is correct that the trial court erred in all three respects. We therefore reverse and remand his conviction for harassment, remand for resentencing, and otherwise affirm.

A lengthy description of the underlying facts would not benefit the bench, the bar, or the public. Suffice it to say that the charges involved a dispute between defendant and his mother, and defendant raised a defense of self defense by pretrial notice as allowed by ORS 161.055(3). At trial, when defendant requested a self-defense jury instruction, the court declined to give it, because defendant had not presented evidence. The state concedes that that was error, and we accept the concession. Because defendant raised the defense by pretrial notice, he was not required to raise the defense by presenting affirmative evidence. *State v. Freeman*, 109 Or App 472, 475-76, 820 P2d 37 (1991); ORS 161.055(1) ("When a 'defense,' other than an 'affirmative defense' as defined in subsection (2) of this section, is raised at a trial, the state has the burden of disproving the defense beyond a reasonable doubt."). Beyond that, defendant's proposed instruction correctly stated the law, and the evidence presented supported a self-defense theory. *See State v. Wolf*, 288 Or App 613, 616, 406 P3d 1105 (2017) ("A defendant is entitled to an instruction on the defense, once raised, provided the request correctly states the law and there is evidence to support a self-defense theory."). The parties also agree that the trial court's error affected the harassment conviction but not the remaining convictions.

Defendant next argues that the trial court erred in instructing the jury that it needed to be unanimous for not-guilty verdicts as well as guilty verdicts. We agree that that was error under *State v. Ross*, 367 Or 560, 561, 481 P3d 1286 (2021), as the state acknowledges. The state maintains, however, that the error was harmless in light of the jury's unanimous verdicts. The state is correct that the error was

harmless. *See State v. Martineau*, 317 Or App 590, 505 P3d 1094 (2022) (so holding).

Finally, defendant challenges a condition of probation, both as to its substance and because it was not announced in open court. The state concedes that the court erred in failing to announce the condition in open court. However, given that we must remand the entire case for resentencing, *see* ORS 138.257(4), we need not address the issues related to the challenged probation condition.

Conviction for harassment reversed and remanded; remanded for resentencing; otherwise affirmed.