## STATE OF OREGON,
*Respondent,*

*v.*

## HARRY ROBERT KETCHUM III,
*Appellant.*

### 020231097; A120917

138 P3d 860

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. With her on the briefs were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Brendan C. Dunn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant appeals his convictions for first-degree sexual abuse, ORS 163.427, and first-degree unlawful sexual penetration, ORS 163.411, after a jury trial on those charges.[1] On appeal, defendant makes several assignments of error. Because we agree with his first assignment, we reverse both convictions.

The charges are based on allegations that defendant sexually abused his four-year-old stepchild, who reported to her mother and eventually to investigators that defendant had put his finger with salve on it inside her vagina. Defendant testified that he had applied salve to the child's genital area three times over the course of a week at the request of her mother to treat a rash. According to defendant, the child's mother had given him the salve and told him to apply it. He denied penetrating her vagina for sexual purposes.

■ Defendant first assigns error to the trial court's refusal to give the uniform criminal jury instruction, which provided:

"Penetration of the vagina, anus, or penis of another is not prohibited if the penetration is conducted as part of a medically recognized treatment or diagnostic procedure. The defendant has raised the defense that the penetration in this case was conducted as part of a medically recognized treatment or diagnostic procedure.

"The burden of proof is on the state to prove beyond a reasonable doubt that this defense does not apply."

The instruction is based on ORS 163.412 (2003), which provided:[2]

"Nothing in ORS 163.408 or 163.411 prohibits a penetration described in either of those sections when:

---

[1] Defendant also was charged with first-degree encouraging child sexual abuse, ORS 163.684, based on a separate incident, but the jury acquitted him of that charge.

[2] In 2005, ORS 163.412 was amended in a way that did not change the wording that we consider here. Or Laws 2005, ch 488, § 5. We refer to the 2003 version in this opinion.

"(1) *The penetration is part of a medically recognized treatment or diagnostic procedure*; or

"(2) The penetration is accomplished by a peace officer or a corrections officer acting in official capacity, or by *medical personnel* at the request of such an officer, in order to search for weapons, contraband or evidence of crime."

(Emphasis added.) The trial court refused to give the requested instruction because it reasoned that the statute applies only to medical personnel. On appeal, as he did below, defendant argues that the statute is not limited to acts performed by medical personnel. According to defendant, because the requested instruction accurately states the law and there was evidence to support it, the trial court erred in refusing to give it.

The issue framed by defendant's first assignment presents a question of statutory interpretation. Our task is to discern the legislature's intent with regard to ORS 163.412(1). *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Did the legislature intend the statute to apply to any person who is performing a medically recognized treatment or diagnostic procedure, or only—as the trial court concluded—to medical personnel? If the former, defendant was entitled to a jury instruction that, based on his testimony, informed the jury of the legal implications of his conduct. *See State v. McBride*, 287 Or 315, 319, 599 P2d 449 (1979) ("A criminal defendant is entitled to have his theory of the case presented to the jury if there is evidence to support it. The trial court is not vested with discretion to refuse an instruction supported by the evidence." (Citation omitted.)).

The best evidence of the legislature's intent is the text and the context of the statute. *State v. Barrett*, 331 Or 27, 32, 10 P3d 901 (2000). At this first level of analysis, we consider rules of statutory construction that tell us how to consider the text of the statute. Among those rules is the rule that we are "not to insert what has been omitted, or to omit what has been inserted." ORS 174.010. In this case, the legislature's intent *vis-à-vis* the scope of the application of ORS 163.412(1) is easily discernable at the first level of analysis.

The words "medical personnel" do not appear in the text of ORS 163.412(1). Rather, the statute refers to a "medically recognized treatment or diagnostic procedure." If the legislature had intended for the statute to apply to conduct only by medical personnel, it could have easily said so by inserting words such as "administered by medical personnel" after the words "medically recognized treatment or diagnostic procedure" in the statute. Indeed, in contrast to the provision at issue here, subsection (2) of the same statute specifically refers to "medical personnel." The "use of a term in one section and not in another section of the same statute indicates a purposeful omission." *PGE*, 317 Or at 611. The intent of the legislature is clear on the face of the statute: the defense created by the statute does not depend on the treatment or diagnostic procedure being administered by medical personnel. It follows that the trial court erred in failing to give defendant's requested instruction.

On appeal, the state appears to concede the above analysis and admits that defendant introduced sufficient evidence to support the defense described in that statute. The state asserts, however, that the error was harmless. It explains:

> "In addition to finding that defendant committed unlawful sexual penetration, the jury found he committed first-degree sexual abuse. * * * A person commits that offense only if the person subjects another to 'sexual contact.' ORS 163.415(1). And a person engages in 'sexual contact' only if the person touches the sexual or other intimate parts of a person 'for the purpose [of] arousing or gratifying the sexual desire of either party.' ORS 163.305(6). Thus, when the jury found that defendant committed first degree sexual abuse, it necessar[ily] found that he touched the victim's vagina for the purpose of arousing or gratifying his sexual desire. Conversely, the jury necessarily found that defendant did not penetrate the victim for the purpose of providing medical treatment. And even if the jury did not *necessarily make* that particular finding, the jury's findings do establish that there is a very 'little likelihood' that an instruction on the medical-treatment defense would have caused the jury to give defendant's 'medical treatment' defense any credence."

(Emphasis in original.)

The test for "harmless error" under Article VII (Amended), section 3, of the Oregon Constitution[3] requires us to inquire whether "there is little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003).

In support of its argument that the error in this case was harmless, the state points to case law involving different factual circumstances where the Supreme Court has found an error affecting one count of an indictment to be harmless in light of what the jury has necessarily found regarding another count. *See State v. Hale*, 335 Or 612, 628-29, 75 P3d 448 (2003), *cert den*, 541 US 942 (2004) (error in instructing jury on some aggravated murder counts was harmless in light of unanimous verdicts on other counts); *State v. Lotches*, 331 Or 455, 17 P3d 1045 (2000), *cert den*, 534 US 833 (2001) (instructional error regarding one count of aggravated murder was harmless in light of what jury necessarily found in convicting on attempted murder counts). The gist of the state's argument is that a person who acts for the purpose of arousing or gratifying his sexual desire necessarily cannot also be performing a medically recognized treatment or diagnostic procedure. In that sense, the state asserts, this case is like *Hale* and *Lotches*.

We are unpersuaded by the state's argument. Defendant's requested instruction would have required the state to disprove defendant's assertion that he provided medical treatment to the child. Pursuant to that instruction, had the jury found that the state did not carry its burden of proof in that regard, it could also have believed that a reasonable doubt existed about whether defendant acted for the purpose of arousing or gratifying his sexual desire. That possibility particularly exists in this case because a pediatric nurse practitioner testified at trial that the child told her that defendant put salve on his finger and put his finger inside her

---

[3] Article VII (Amended), section 3, provides, in part:

"If the supreme court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial[.]"

*because she had a rash,* although the child did not know whether she in fact had a rash.[4] Under the circumstances, it is impossible to determine what effect the instruction, had it been given, would have had on the jury's deliberations.

We understand the state to argue alternatively that, based on the jury's findings, there is little likelihood that the jury believed defendant's testimony. To accept that argument on the facts of this case—where defendant's testimony and the testimony of the child's mother were in conflict—would require us as a reviewing court to effectively determine that the state's evidence was so substantial and compelling that the failure to give the requested instruction was not prejudicial because no reasonable factfinder would have believed defendant. But the *Davis* court explicitly rejected such an approach. 336 Or at 32. We conclude that the trial court's failure to give defendant's requested instruction was not harmless error for the above reasons.

■ Finally, the state asserts that the error regarding the conviction for unlawful sexual penetration does not require reversal of the first-degree sexual abuse conviction:

> "Although there is a 'medical treatment' defense to unlawful penetration, there is no 'medical treatment' defense to first-degree sexual abuse. Therefore, even if this court accepts defendant's first assignment of error, that decision would not affect defendant's conviction for first-degree sexual abuse. Rather, that decision would require a reversal of only defendant's conviction for unlawful penetration."

Defendant remonstrates that the case must be remanded for a new trial on both counts. As he explains:

> "Although the medical treatment defense is not a defense to the crime of first-degree sexual abuse, * * * the failure to give that instruction may have affected the jury's verdict on that count. When deciding whether an error in instructing the jury was harmless, this court considers the instructions as a whole. The jury was instructed that it is a crime for an

---

[4] The child's mother testified that the child never had a rash that required ointment.

adult (including a parent) to penetrate the vagina of a person under 12 years of age with his finger. The jury was not instructed that such behavior is not a crime if it is done as part of a medically recognized treatment or diagnostic procedure. Consequently, the jury may have assumed that because no legally sanctioned legitimate reason exists for a parent to engage in that activity, defendant must have been acting with a sexual purpose when he did so. During closing argument, the prosecutor argued, 'There is no reason provided by this defense that is believable for this man rubbing salve or ointment on this little girl's vagina.' The possibility that the jury inferred from defendant's admitted action that he must have acted with a sexual purpose makes it impossible to say with certainty that the failure to give the medical treatment instruction did not affect the jury's verdict on Count 1, first-degree sexual abuse. Consequently, the case must be remanded for a new trial on both counts."

(Record citations omitted.) We agree with defendant. As this case was tried, the issue of whether defendant acted with a sexual purpose is so intertwined with the issue of whether he acted with the intent to provide medical treatment that we cannot say that the error regarding the unlawful sexual penetration count did not affect the first-degree sexual abuse conviction.

Our resolution of defendant's first assignment of error leaves no need to address the remaining assignments of error. For the most part, those assignments focus on hearsay evidence of various statements made by the four-year-old victim. It is unclear whether those same issues will arise on retrial. In his remaining assignment, defendant asserts that the trial court erred when it denied defendant's motion to sever the trial of the encouraging child sexual abuse count from the trial of the other charges. That issue too should not arise on retrial, inasmuch as defendant was acquitted on that charge.

Reversed and remanded for new trial.