BRYANT, Judge,
dissenting.
The majority opinion holds that the trial court erred and grants defendant a new trial, stating that defendant is entitled to an affirmative defense instruction based upon evidence showing that defendant’s actions were for an “accepted medical purpose.” Because I do not believe there was sufficient evidence that defendant’s actions fell within the definition of accepted medical purpose, I do not believe defendant was entitled to an instruction on this affirmative defense; therefore, I respectfully dissent.
The majority maintains that it is a matter of common knowledge and common sense that cleaning feces from a body is an act performed *149 for an accepted medical purpose. I would agree that cleaning feces is necessary for purposes of good hygiene (as is washing one’s hands and body, and cleaning one’s teeth), and that failure to clean feces could eventually result in an infection or condition which might require medical attention. But, I would not agree that, standing alone, defendant’s act of cleaning feces from the infant should be considered an act that was performed for an accepted medical purpose.
“Medical” means “[o]f or relating to the study or practice of medicine.” Amerioan Heritage College Dictionary 846 (3d ed. 1993). “Accepted” means “[w]idely encountered, used, or recognized.” Id. at 8. General Statutes, section 14-27.1, defining “sexual act,” provides an affirmative defense for penetration of the genital or anal opening of a person where the act is done for an accepted medical purpose. N.C. Gen. Stat. § 14-27.1(4).
A common sense reading of General Statutes, section 14-27.1(4), suggests that the affirmative defense of penetration for an accepted medical purpose is available only to a defendant who can show the act was clearly done for a purpose generally approved or accepted by a’physician or was done for purposes accepted in the medical field or in the practice of medicine.
In the case before us, no one testified that defendant’s actions were carried out for an accepted medical purpose. Neither defendant’s medical expert nor any other medical professional testified that cleaning feces from an infant is an act that is recognized as having an accepted medical purpose. Had defendant’s medical expert testified that the cleaning was for an accepted medical purpose, we would be in a different posture. However, what we do have is evidence, including defendant’s own admission, which supports a finding that defendant’s conduct caused the injuries to the infant. There was testimony that vaginal tears may be common place with harsh cleaning and that the penetration of the infant’s anus and vagina in an effort to clean off feces was responsible for the injuries inflicted. Yet, none of the evidence supports a finding that such conduct was for an accepted medical purpose.
At trial before the jury, and now before this Court, defendant asks not only that we accept his theory that his actions in causing the injuries to the genital and anal area of the child were not sexual in nature, but that we make the extraordinary leap to determine defendant’s actions were conducted for an accepted medical purpose and, thus, within the safe harbor of an affirmative defense. Because I am unable to make such a leap, I do not believe the trial court erred in refusing to give an *150 instruction on the affirmative defense of penetration for an accepted medical purpose.
The majority cites Cornet v. Texas, No. PD-0205-13, 2013 Tex. Crim. App. LEXIS 1654 (Tex. Crim. App. 6 Nov. 2013), and other Texas and Oregon cases[1] as persuasive authority for its reasoning that defendant should have been entitled to the affirmative defense instruction. However, while the language of the statutes[2] involved in those cases is similar in the context of allowing an affirmative defense to an act of penetration, our statute clearly requires that acts of penetration be for accepted medical puiposes before allowing the defense. I am not persuaded that the cases interpreting statutes in Texas and Oregon should inform the result of the case before us.
While I would not go so far as to posit that non-medical professionals are not entitled to this defense, I do believe it is necessary to require some direct testimony that the considered conduct is for a medically accepted purpose in order to be entitled to the affirmative defense instruction. To this end, I agree with the language of the dissent in Cornet v. Texas, 359 S.W.3d 217 (Tex. Crim. App. 25 Jan. 2012): “[w]hen asserting a ‘medical care’ defense, the defendant bears the burden of offering some evidence that his conduct was, in fact, a legitimate, accepted medical methodology. Before a trial judge is required to instruct on... a defense ... there must be evidence in the record that raises . . . that defense as a valid, rational alternative to the charge.” Id. at 229-30 (Cochran, J., dissenting).
Here, the majority states its belief that our legislature provided for the affirmative defense
in part, to shield a parent or other charged with the care-taking of an infant, from prosecution for engaging in sexual conduct with a child when caring for the cleanliness and health needs of an infant, including the act of cleaning *151 feces and urine from the genital opening with a wipe during a diaper change.
This is a most expansive reading of the affirmative defense portion of the statute. I must agree with the concurring opinion that the legislature could not have intended this statute to be used as a shield by a defendant whose attempt to “clean” the child’s genital and anal area was performed “with such violence that her rectum and vagina [was] left tom and bleeding.”
While I do not agree that defendant is entitled to an affirmative defense instruction on penetration for an accepted medical purpose, I also point out that defendant was not denied the opportunity to put on a defense. Defendant testified that his cleaning feces was the reason for the digital insertion into the child’s genital and rectal area. However, defendant did not put forth evidence that his actions were for an accepted medical purpose. There was no testimony from defendant’s medical experts or any other witnesses to support an instruction to the jury that the act of cleaning feces from the infant could be considered an act performed for accepted medical purposes. And, a trial court is not required to instruct the jury on an affirmative defense for which there is not sufficient evidence. Perhaps it would be a closer question had defendant’s request for this affirmative defense instruction been based on his application of medication to treat a diaper rash or to treat some other medical condition. However, this appeal concerns defendant’s actions of wiping feces from a baby, a common, eveiyday occurrence in the life of a child necessary to maintaining good hygiene, not the treatment of a medical condition.
Therefore, because I do not believe that defendant met his burden of showing that his actions were for an accepted medical purpose, the trial court was not required to instruct on the requested affirmative defense. I would find no error in the trial court’s refusal to so instruct.

. Villa v. Texas, No. PD-0792-12, 2013 Tex. Crim. App. LEXIS 1655 (Tex. Crim. App. 6 Nov. 2013), and Oregon v. Ketchum, 206 Or. App. 635, 138 P.3d 860 (2006).

. Tex. Penal Code § 22.011(d) (2012) (“It is a defense to prosecution [for sexual assault of a child] that the conduct consisted of medical care for the child and did not include any contact between the anus or sexual organ of the child and the mouth, anus, or sexual organ of the actor or a third party.”), as quoted in Villa, 2013 Tex. Crim. App. LEXIS, at *12 (emphasis added); Or. Rev. Stat. § 163.412(1) (2003) (“[Neither first nor second degree sexual penetration statute] prohibits a penetration described in either of those sections when: The penetration is part of a medically recognized treatment or diagnostic procedure!.]”), as quoted in Ketchum, 206 Or. App. at 637-38, 138 P.3d at 862 (emphasis suppressed).